Henry B. Metcalf & another *vs.* Elias Cady & others.

A bill in equity brought by an assignee of an insolvent debtor against several defendants to set aside mortgages of real estate executed to each of them separately, on the same day, by the insolvent debtor, in violation of the insolvent laws, and also other mortgages of other real estate executed by him to a portion of the defendants separately, on another day, in violation of the insolvent laws, is multifarious.

A bill in equity does not lie, in favor of an assignee of an insolvent debtor, to set aside several mortgages of the same real estate, each of which contained a reference to the others, and was executed by the debtor on the same day to different creditors, in violation of the insolvent laws.

BILL IN EQUITY, brought by the assignees in insolvency of Benjamin Little, against nine persons, to set aside mortgages executed to them by the debtor, for the purpose of giving to them respectively an unlawful preference. The bill set forth that on the 22d of September 1862 the debtor executed seven of the mortgages to seven of the defendants, respectively, each of which was of the same land, and contained a clause referring to the others, as follows : " Except the mortgages this day executed simultaneously with this ; " that on the 25th of said September the debtor executed four mortgages of other real estate than that included in the above mortgages, to four of the same seven defendants, respectively, each of which was of the same land, and contained the same clause referring to the others as that copied above; that on the 26th of said September the debtor executed two mortgages of all the real estate included in both of the former mortgages, to the other two defendants, respectively, each of which referred to the other and also to all of the former mortgages. The bill contained the necessary averments to show

Metcalf & another *v.* Cady & others.

that all of these mortgages were in violation of the insolvent laws, and a prayer that the mortgages might be declared void, and the several mortgagees required to release and surrender the lands and discharge the mortgages, and for other relief. The first seven defendants filed a demurrer, assigning for cause, amongst other things, that the bill was multifarious, and that the plaintiffs had a plain, adequate and complete remedy at law.

*W. G. Bates,* for the defendants.

*J. Wells,* for the plaintiffs, besides some of the cases cited in the opinion, cited *Coleman* v. *Barnes,* 5 Allen, 374 ; *Robinson* v. *Guild,* 12 Met. 323 ; *Bugbee* v. *Sargent,* 23 Maine, 269 ; *Robinson* v. *Cross,* 22 Conn. 171 ; *American Ins. Co.* v. *Fisk,* 1 Paige, 90 ; *Boyce* v. *Grundy,* 3 Pet. 210 ; *Bartholomew* v. *McKinstry,* 2 Allen, 448.

DEWEY, J. The first ground of demurrer to the bill is, that it is multifarious. In looking at the case stated, we find the relation of the plaintiffs to the matters in controversy to be that of assignees of Benjamin Little, an insolvent debtor, who in their representative capacity seek to establish their title to certain parcels of real estate formerly belonging to said Little, and by him conveyed by deeds of mortgage to the various defendants named in the bill.

As to one of these parcels, that embraced in the conveyances of September 22d 1862, made to seven of the defendants, if this bill had been confined to that one subject and to those parties merely, it would seem to be highly questionable whether the objection of multifariousness could be properly urged. Although these seven grantees hold their respective titles by seven distinct mortgage deeds, yet as they were made simultaneously, and each referred to the others, and they are alleged to have been made to parties who all entertained the purpose of placing this property beyond the reach of other creditors, it would present a case where much authority might be found for holding that the uniting of such parties in one common bill would not render it multifarious. *Brinkerhoff* v. *Brown,* 6 Johns. Ch. 157. *Varick* v. *Smith,* 5 Paige, 160. *Mix* v. *Hotchkiss,* 14 Conn.

32. *Robinson* v. *Cross*, 22 Conn. 171. *Dimmock* v. *Bixby*, 20 Pick. 377. Story's Eq. Pl. §§ 271–286, and cases cited in the notes.

But including as a subject of this bill another and distinct parcel of land conveyed by the debtor on the 25th of September 1862, in which only four of the seven grantees of the first named parcel have any interest, presents a case of multifariousness. This would seem to be the plain case of a misjoinder of subjects of complaint, as to one of which the three defendants who have no interest or connection therewith may properly object. A bill is multifarious which embraces distinct matters affecting distinct parties who have no common interest in the distinct matters.

The further cause of demurrer is, that the plaintiffs have a complete and adequate remedy at law. That would be by a writ of entry. Whether this is a complete or adequate remedy is a question upon which courts of equity differ. If it be essential to such remedy that the court shall not only declare the title of the mortgagees void and of no effect, but also require releases from them of all claims to the premises, an action in a court of law would not give a complete remedy. This court has not taken that view of the question, but has held in several cases that, where the plaintiff had the usual remedy at law of proceeding by a writ of entry to enforce his legal rights to recover possession of real estate and establish his title thereto, that was a complete and adequate remedy, and that in such case he could not sustain a bill in equity. These decisions embrace cases where the plaintiffs in bills in equity were assignees of insolvent debtors, seeking to set aside deeds alleged to have been made in fraud of the insolvent laws. *Woodman* v. *Saltonstall,* 7 Cush. 181 ; *Pratt* v. *Pond,* 5 Allen, 59 ; and *Clark* v. *Jones,* 5 Allen, 379, seem to be directly to this point. If therefore the present bill had been instituted against one of the persons taking a mortgage of the real estate of the insolvent, it would not be sustained if the defendants had assigned as a cause of demurrer that the plaintiffs had a plain, adequate and complete remedy at law.

The further inquiry is, whether the alleged fact that the prose-cution of this claim at law would require numerous suits would, if this bill were amended so as to constitute it a bill against the seven grantees in the mortgage deeds executed on the 22d of September 1862, furnish a sufficient ground for taking this case out of the rule applied in *Clark* v. *Jones,* and the other cases cited. We are not prepared to say that these seven parties might not be all joined in one action at law, the assignees claiming a right to the whole parcel, and the various grantees all denying that right and claiming under simultaneous mort-gage deeds connecting them as parties to the disputed title.

In the opinion of the court, this demurrer may well be sus-tained as to the claims set forth in this bill, upon the ground that the plaintiffs have a plain and adequate remedy at law for avoiding these mortgages, if they are invalid for the reasons alleged. *Bill dismissed.*