## ROBINSON *vs.* CROSS AND POMEROY.

A, B and C, owning certain lands, as tenants in fee and in common,—A being the owner of two undivided fifths, and B and C of three undivided fifths thereof,—A executed a mortgage to B, of his two-fifths, to secure certain promissory notes, and having forfeited the condition thereof, the mortgage was foreclosed by B; but, before the expiration of the time limited for redemption, A paid to B the amount decreed by the court. At the same term of the court, to which B brought his bill for a foreclosure, B and C brought an action of disseisin, to eject A from the lands in question. Before execution was issued in the action of disseisin, A brought a bill in equity against B and C, praying, *first*, for a release from B of the interest mortgaged to him; *secondly*, for a partition of said land between himself and the defendants; and *thirdly*, for an injunction restraining B and C from dispossessing him of the two-fifths recovered in the action of disseisin. Held, that such bill was not multifarious, and that A was entitled to the relief he sought.

Where a mortgagor pays the debt, after a decree of foreclosure, and before the expiration of the time limited for redemption, the mortgagee becomes the trustee of the mortgagor, and is bound to release the mortgaged premises, when requested by the mortgagor.

THIS was a bill in chancery, brought by Nathaniel Robinson, against John H. Cross and Benjamin Pomeroy. The facts stated in the bill were, substantially, as follows. The plaintiff and defendants were joint owners of three several tracts of land described therein, and seised of the same, as tenants in fee and in common,—the plaintiff owning two

undivided fifths, and the defendant three· undivided·fifths thereof. On the 2d of March, 1849, the defendant, Cross, being the holder of certain notes, made by the plaintiff, and secured by a mortgage of the plaintiff's two-fifths of said land, brought his bill to the superior court, to foreclose the plaintiff's equity of redemption in the mortgaged premises. The prayer of the bill was granted, and the first Monday of December, 1849, was the time fixed for redeeming the premises. On the 17th of August, 1847, the plaintiff tendered and paid to Cross, the amount due him on said notes, according to the finding of the court. He then demanded of Cross, a release of the interest mortgaged to him by the plaintiff, which Cross refused to execute. At the term of the court, to which the bill for a foreclosure was brought, Cross and Pomeroy brought an action of disseisin against the plaintiff, to eject him from the entire premises described in said bill. The cause was tried in August, 1850, when the plaintiffs in said action of disseisin obtained a verdict against the plaintiff in the present bill, which was accepted by the court. The plaintiff then moved for a new trial. The motion was heard by the superior court, and a new trial refused.

The plaintiff's bill averred, that, at the coming term of said court, execution would be issued to the defendants, and he be liable to be ejected from the possession of the two-fifths of said premises. The bill then prayed, that the defendants (if it should appear that said Cross had acquired any title at law, to said two-fifths of said premises) should be compelled to release and quit-claim the same to the plaintiff; and further, that partition should be made of said premises, between the plaintiff and defendants; and also, that an injunction should be issued, prohibiting the defendants from taking out, or using an execution in said action of disseisin. A demurrer to the bill was filed, at the term to which it was brought, on the ground, that it was multifarious; and also, that the matters set forth did not entitle the plaintiff to the relief sought.

The cause came on for trial at the March term, 1852, when it was reserved for the advice of this court, as to what decree should be passed.

*Foster* and *Wait,* for the plaintiff, contended, 1. That Robinson, the mortgagor, having paid the debt, &c., after the law day had expired, the legal title remained in Cross the mortgagee; who, having refused to convey such outstanding title to Robinson, the only relief for the latter was in chancery. *Phelps* v. *Sage,* 2 Day's R., 153. *Roath* v. *Smith,* 5 Conn. R., 136. *Porter* v. *Seeley,* 13 Conn. R., 564. *Smith* v. *Vincent,* 15 Conn. R., 14. *Doton* v. *Russell,* 17 Conn. R., 146. *Parsons* v. *Wells,* 17 Mass. R., 419.

2. That this bill can not be treated as multifarious, because the several causes of complaint grow out of one and the same transaction, and the relief asked for, in relation to each, is of the same general character. Sto. Eq. Pl., p. 224 to 233, and pp. 407, 408, 409, 410, 411. *Mix* v. *Hotchkiss,* 14 Conn. R., 42. *Avery* v. *Kellogg,* 11 Conn. R., 562. *Robertson* v. *Stephens,* 1 Ired. Ch., 247. *Watson* v. *Cox,* 1 Ired. Ch., 389.

3. Even if the bill is open to objection, for multifariousness, yet, if one of the subject matters of complaint be clearly within the jurisdiction of a court of equity, for redress, the court will treat the bill as if it were single, and proceed with the matter over which it has jurisdiction, as if that constituted its sole object. Sto. Eq. Pl., p. 232, § 283. *Varick* v. *Atty. General,* 5 Paige R., 137, 160. *Kyne* v. *Moore,* 1 Sim. & Stu., 61. *Dew* v. *Clarke,* 1 Sim. & Stu., 108.

4. Therefore, if the plaintff can not have his prayer for a partition granted, he can have that for a release deed and stay of execution.

*Strong* and *Pomeroy,* for the defendants, contended, 1. That

the plaintiffs bill was multifarious, for the following reasons. It is a good and well drawn bill, to redeem, against Cross alone, there being no averment or intimation therein, that Pomeroy (the other defendant) ever had any interest in the mortgage.

In the stating part of the bill, there is no averment, that the plaintiff ever demanded of the defendants to make partition, and this seems to be necessary. *Hawley* v. *Castle*, Kirby, 218.

The statement in the bill, on which the prayer for an injunction is based, is in fact, and necessarily, against both defendants; because the verdict and judgment are in favor of both. Therefore, the statement and prayer to redeem and enjoin, render the bill multifarious, even if the statement makes the part relating to a partition, mere surplusage.

2. That the plaintiff was not entitled to an injunction, from his own showing.

When an injunction might cause great or irreparable damage to the defendant, in the event of the plaintiff's not being exclusively entitled, but the damage, sustained by the plaintiff, in the event of establishing his title, allows of compensation, the injunction will be refused. *Hartridge* v. *Rockwell*, Charl. R. M., 260. 2 U. S. Eq. Dig., 65.

In ejectment cases, when no discovery is sought, and the title at law is admitted, an injunction will be granted upon terms only, so as to leave the party to proceed to trial and judgment at law. *Ham* v. *Schuyler*, 2 John. C. R., 140. 2 U. S. Eq. Dig., 70.

After a trial at law, a party will not be aided in chancery, unless he can impeach the verdict, or report, on ground which could not have been used at law, or which he was prevented from using by fraud, accident, or the act of the opposite party, without default on his part. *Duncan* v. *Lyon*, 3 John. C. R., 351. 2 U. S. Eq. Dig., 71, 125; where all the authorities on this subject are cited. *Van Wyck* v. *Seward*, 1 Edw. Ch., 327. 1 U. S. Eq. Dig., 418.

3. Where a party first submits to a trial at law, with a knowledge of the facts upon which he rests, in support of his title, and a verdict is rendered against him, he can not then come into equity, and file his bill for discovery and relief, and enjoin the operation of the verdict, until he can have another trial in equity, in attempting to perfect his title. *Donaldson* v. *Kendall*, 2 Geo. Decis., 227. 2 U. S. Eq. Dig., 72. *Floyd* v. *Jayne*, 6 John. Ch. R., 479. 2 U. S. Eq. Dig., 71.

A party, whose right to land has not been established at law, will not be protected, by injunction, against a suit at law, to recover the land from him. *Thompson* v. *Engle*, 3 Green. Ch., 271. 2 U. S. Eq. Dig., 71.

Storrs, J. The plaintiff, by his bill, seeks first, a release from the defendant Cross, of the interest in the land mortgaged to him by the plaintiff; secondly, a partition of the land between him and the defendants; and thirdly, an injunction restraining the defendants from dispossessing him of two-fifths of the land recovered by the latter, in the action of ejectment.

Upon the payment, by the plaintiff, of the sum decreed to be paid by him, on his mortgage to the defendant Cross, the latter became the bare trustee for the plaintiff, of the interest so mortgaged, which was two undivided fifths of the land; and it was his duty, when requested by the plaintiff, to release to the latter that interest. As nothing has since occurred, to change the relation between them, Cross still remains such trustee, and the same duty rests on him. The plaintiff is, therefore, entitled to a decree, that Cross shall release to him such interest, or to a decree, by which the legal title to the said two-fifths shall be directly vested in the plaintiff; which latter course we deem most advisable in this case. It is more simple and direct than the other, and has been more commonly taken, since the passing of the statute, giving that power to courts of equity, especially where the object is merely to transfer a legal title; and it would

moreover, in this instance, expedite a partition of the land between the plaintiff and the defendants, to which, in our opinion, the former is entitled, and take away all color from the objection sometimes urged against that proceeding, on the ground of the parties having only an equitable title. Whichever of these modes of transfer is adopted, we see no good reason, why such an objection ought to prevail in a court of equity, nor has any authority been adduced in support of it, in a case like the present, where the legal title of the whole land is in the defendants, but one of them is the bare trustee of a certain proportion of it for the plaintiff, and there are no circumstances which can produce any possible injustice or inconvenience to either of them, from a separation of their interests.

The plaintiff is also entitled, on the plainest principles of justice and equity, to the injunction which he seeks. The legal title of the plaintiff's interest in the land having been vested in Cross, by the mortgage, and the defendants being the legal owners of the rest, it was not in the power of the plaintiff to prevent a recovery of the whole, by the defendants, in their action of ejectment; there was, therefore, no laches in the plaintiff, in suffering that recovery. But it would be obviously inequitable, for the defendants to use the execution which they may obtain on their judgment, in that action, for the purpose of dispossessing the plaintiff of that part of the land recovered, which was so mortgaged, of which he is now the absolute equitable owner, which the defendant Cross holds only as his naked trustee, and the legal title to which, as we have already decided, it is the duty of Cross to convey to him. The only effect of refusing an injunction against such a use of the execution, would be to suffer the plaintiff to be deprived of the possession to which he is equitably entitled, and to compel him, after the legal title shall have been vested in him, pursuant to the decree in this case, to bring an action of ejectment against these defendants, for the restoration of that possession, in

which he would, of course, recover it. It is unnecessary to refer to authorities, to show that, in such a case, there is ample power in the court to grant such injunction, or that it ought to be exercised.

The right of the plaintiff to the relief he asks for, is, therefore, clear, but for the objection of multifariousness, set up by the defendants, in their demurrer, and which is alleged to consist in the joinder, in the bill, of distinct and independent matters and grounds of relief, which can not properly be united.

The plaintiff seeks to obtain a legal title to that part of the land, which was mortgaged by him, and which legal title is withheld, by one of the defendants, who holds it as a bare trustee for the plaintiff; and also to quiet himself in the possession of it, which is threatened by both defendants, in whom is now vested the legal title of the whole land, and also a legal right to the possession of it. This object can be accomplished, only by obtaining a release of the legal title from the defendant, who thus holds it as such trustee, and an injunction, restraining both defendants from dispossessing the plaintiff, as they have the legal, although not the equitable, right and power to do, on the execution to be issued on their judgment, in the action of ejectment. The plaintiff's title being useless, without the possession, and the possession being precarious, without the title, his remedy, to be effectual and ample, must consist of a combination of both of these branches of relief: both, therefore, should be granted in this case; and for that purpose, both defendants should be made parties. Indeed, there is such a privity and connection between these defendants, as to the title and possession, that full justice can not be done to the plaintiff, without bringing both of them before the court; and the joinder of them is, therefore, sanctioned by the well-established rules on this subject. Nor do we see any objection to the prayer for a partition, in addition

to, and connection with, that for the other relief sought; and we are of opinion, that both may be granted on this bill. The right to the partition results from the facts which had been stated, as a foundation for such other relief; and in a case where the plaintiff thus shows himself entitled, against the same defendants, on the same facts, to these two different kinds of relief, one of which is only additional to the other, and both connected with the same subject matter, and no injustice can arise from granting both together, we think that convenience and propriety require that course, rather than that we should put the plaintiff to the necessity of multiplying suits, by resorting to separate bills against these defendants, for these purposes. The bill, therefore, is not exceptionable, in either of these respects.

We advise that the demurrer be overruled.

In this opinion, the other judges concurred.

Demurrer overruled.