## JOHN O'SULLIVAN *vs.* JOHN B. OVERTON.

Fairfield Co., Oct. T., 1887. PARK, C. J., PARDEE, LOOMIS, BEARDSLEY and STODDARD, Js.

While our courts have no jurisdiction of the persons of non-residents, yet if they have property in this state the court can take jurisdiction over it, either in a proceeding *in rem* with regard to it or in a suit in which it is attached.

The signature of an auctioneer to a memorandum of a sale of real estate by him, is a sufficient signing under the statute of frauds, as he is the agent of both parties.

But such a memorandum is insufficient where it does not show who was the owner or vendor of the property.

The testimony to the execution of a deed of one of two subscribing witnesses, makes *primâ facie* proof of its execution.

[Argued October 27th—decided December 1st, 1887.]

SUIT to compel a conveyance of real estate and for damages ; brought to the Superior Court in Fairfield County. The court (*Fenn, J.,*) sustained a plea in abatement to the complaint, found the facts thereon, and rendered judgment for the defendant. The plaintiff appealed. The case is sufficiently stated in the opinion.

*H. S. Sanford* and *J. A. Gray*, with whom was *J. J. Walsh*, for the appellant.

*J. H. Perry*, with whom was *W. H. Perry*, for the appellee.

BEARDSLEY, J. In this case the plaintiff seeks to enforce the specific performance of a contract for the sale of real estate, and also to recover damages for the breach of the contract.

At the commencement of the suit the defendant was a resident of the state of New York, and the only service made of the complaint was by sending a copy of it to him in New York, pursuant to an order of notice, and the attachment of certain real estate in Norwalk in this state, a small part of which is the land the title to which the plaintiff claims should be vested in him under the contract set out in the complaint.

A question is made as to the validity of the attachment, under the statute regulating attachments, which the view which we take of the case renders immaterial.

It is well settled that although the courts can acquire no jurisdiction over a non-resident so as to render a judgment which shall bind him personally, except by service of process upon him within the state, yet that his property situated within the state is subject to their jurisdiction. The title to it may be taken from him by a proceeding *in rem*, or it may be attached by a creditor, and subjected to the payment of his obligations as fully as if he resided within the state.

· In either case, whether the proceeding be *in rem* or by attachment, the property, upon which only the judgment operates, is at the foundation of the jurisdiction. *Payne* v. *Farmers' & Citizens' Bank*, 29 Conn., 415 ; *Pennoyer* v. *Neff*, 95 U. S. Reps., 727 ; *Freeman* v. *Alderson*, 119 id., 185.

The defendant, appearing for that purpose only, pleaded to the jurisdiction of the court below that at the time of the claimed attachment he did not own the property described in the officer's return upon the writ nor any part

thereof. The plaintiff replied that the defendant had made a pretended conveyance of the property to one Kate C. Sellick, but that such conveyance was fraudulent and illegal. The parties were at issue upon the truth of this last allegation. The Superior Court found the issue for the defendant, and found the following facts :—" Prior to November, 1886, the defendant owned a large tract of land in Norwalk, including the land attached, a small part of which is the land referred to in the complaint as covered by the contract therein set forth. On the 29th of November, 1886, the defendant sold and conveyed all his said land to one Kate C. Sellick of said Norwalk by deeds duly executed. At this time the plaintiff claimed to have made a contract for a small part of said premises, as set forth in said complaint, but there was a dispute between the plaintiff and defendant relative to what was embraced in the tract covered by the contract. Of these claims and this dispute said Kate C. Sellick had notice before her purchase. I find however that the land was sold by the defendant and purchased by her in good faith, and not for the purpose of defeating or impairing the rights of the plaintiff under the alleged contract." The court also finds as to the consideration for the conveyance, which is unimportant here in view of the other finding as to its *bona fides.*

It is clear that by the deeds the grantee acquired a good title to that part of the land not covered by the contract, and also to the part covered by the contract subject to such rights, if any, as the plaintiff had acquired by the contract. We may lay out of the case therefore the attachment as sustaining the jurisdiction of the court. The plaintiff claims that the deeds were fraudulent and illegal as to the part of the land covered by the contract, by reason of the knowledge which the grantor had of the claim by the plaintiff. The deeds were certainly effectual to convey a good title to the grantee as between the defendant and herself, and, it would seem, should prevail against the plaintiff until their fraudulent character had been established by a proceeding to which she was a party. But aside from this, if the grantee

were a party to the suit, and had full knowledge of all the transactions in question when the deeds were given, such knowledge could not have invalidated the conveyance to her, because she would have been justified in the conclusion that the plaintiff had no rights which he could enforce against the property conveyed to her.

The memorandum of contract relied upon by the plaintiff is fully, and we presume correctly, set out by the plaintiff as a part of his complaint. We do not think that it satisfies the requirements of the statute of frauds in relation to contracts of this description.

In the case of *Nichols* v. *Johnson*, 10 Conn., 198, the rule is thus stated :—" The note or memorandum of sale required by the statute must state the contract with such certainty that its essentials can be known from the memorandum itself, without the aid of parol proof, or by a reference contained therein to some other writing or thing certain ; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement."

In that case the memorandum was adjudged insufficient solely upon the ground that it did not disclose the name of the vendor. In this case the memorandum is signed by the auctioneer, and that is enough so far as the signature is concerned, as he is the agent of both parties, but it does not state nor suggest by any reference the name. of the owner or vendor of this property, and is therefore insufficient. The memorandum contains no description of the property sold, unless it can be sufficiently supplemented in this respect by the map and other writings referred to in the complaint; but it is unnecessary to decide this point.

The plaintiff objected upon the trial to the admission in evidence of the deeds from the defendant to Sellick, upon the ground that only one of the subscribing witnesses had been called to prove their execution. The witness not called was the Connecticut commissioner in New York, before whom they were acknowledged, who was presumably out of the

state ; but in any case *primâ facie* proof of the due execution of deed is made by one of the subscribing witnesses.

Such, as we understand, has been the practice in this state, and such is the rule in other states where the question has arisen. 1 Greenl. Ev., §§ 569, 575 ; *Melcher* v. *Flanders*, 40 N. Hamp., 139 ; *Gelott* v. *Goodspeed*, 8 Cush., 412.

The other errors assigned are immaterial.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.