JANE A. PERKINS *vs.* ANTOINE BRAZOS.

Third Judicial District, Bridgeport, April Term, 1895.   ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

It is well settled in this State that extrinsic evidence consistent with the record, may be received to prove that a matter within the issue raised in a prior suit between the same parties, was contested and decided in that suit, if such fact does not appear from the record itself. It is immaterial that one cause is of an equitable nature while the other is an action at law.

Such evidence is not rendered inadmissible by § 1111 of the General Statutes, which requires all courts to cause the facts upon which their final judgments and decrees are based, to appear on the record. A finding of the issues in favor of the plaintiff or defendant is, by virtue of § 5 of rule XVII. (General Rules of Practice) a compliance with this statute.

In the present instance, however, the court was of the opinion that the extrinsic evidence, although admissible, was unnecessary, as the record in the former case itself showed that the issue therein raised and determined was identical with the issue now sought to be retried on the part of the defendant.

Where there are several material issues of fact raised by the pleadings, all of which are found in favor of the prevailing party, the judgment file should use the word " issues " and not " issue."

[Argued April 26th—decided May 28th, 1895.]!

ACTION to recover the amount of a promissory note, brought to the Superior Court in Fairfield County and tried to the court, *Prentice, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court.   *No error.*

The case is sufficiently stated in the opinion.

*Charles H. Fowler*, for the appellant (defendant).

I. The former judgment, claimed to be an estoppel of record, is, upon the face of it, no bar to the defendant's claims in the present action.

The judgment in that case was, " that said temporary injunction be dissolved and that defendant recover of the plaintiff her costs." This defendant was thus left by this record to his remedy at law. Equity always refuses to restrain " unless the injury apprehended from violation of the contract, is of such a nature as not to be susceptible of adequate damages at law." *Dills* v. *Doebler*, 62 Conn., 366, 368.

Partial failure of consideration may be shown in reduction of damages upon an action at law for the price of property sold, or upon a bill or note given for such price. *Pulsifer* v. *Hotchkiss*, 12 Conn., 234, 241. The question of partial failure of consideration " could not have been tried and determined in the former suit." *Equity* could not and would not touch the question of failure *in part* of the consideration of the original contract between these parties. The *law* will measure damages for partial failure of consideration. 1 Swift's Digest, 400; 1 Parsons on Contracts, 463.

The most the court could have done, if all the allegations of the plaintiff in the former suit were found true, would have been to continue the preliminary injunction till the notes became due, and permit that petitioner to make his proper defense in an action on the notes of " partial failure of consideration."

The court dissolved the preliminary injunction and left the parties (as it found them) to their remedies at law.

II. Under the old practice in actions at law, " when the general issue was pleaded with notice of special matter," the record did not always show whether the special matter was in fact put in issue. " Notice did not put the alleged matter in issue." *Curtis* v. *Gill*, 34 Conn., 56; *Avon Manf. Co.* v. *Andrews*, 30 id., 486. This looseness in pleading left a wide field of uncertainty for evidence upon the plea of general issue and notice of former adjudication. *Supples* v. *Cannon*, 44 Conn., 424, 427. This practice never obtained in equity.

In the Acts of 1801, we find " it shall be the duty of courts of equity to cause the facts on which they found their decrees to appear of record." This Act is repeated in every Revision down to 1875. When the Practice Act was enacted in 1879, this rule in equity was made a rule of law also. General Statutes, § 1111.

A finding of facts untrue and judgment " bill dismissed," is not a bar, or estoppel. *Abbe* v. *Goodwin*, 7 Conn., 377, 382. A decree in chancery operates as an estoppel only as to facts put in issue and " found by the court." *Crandall* v. *Gallup*, 12 Conn., 365, 373 ; *Fairman* v. *Bacon*, 8 id., 418, 425. No facts whatever are found in the former case. No decree was, or could be had, without facts found to base a decree upon. " The facts found must justify the decree." *Samson* v. *Hunt*, 1 Root, 207 ; *Goodrich* v. *Stanley*, 23 Conn., 79, 83 ; *Knapp* v. *White*, 23 id., 528, 536 ; *Lavette* v. *Sage*, 29 id., 577, 589.

The true doctrine is that " facts found sufficient to uphold the decree conclude the parties, and nothing else." " Facts found (not the decree) create estoppel." *Hotchkiss* v. *Nichols*, 3 Day, 138, 143 ; *Coit* v. *Tracy*, 8 Conn., 268, 276 ; *Kennedy* v. *Scovill*, 14 id., 61, 68 ; *Lord* v. *Litchfield*, 36 id., 116, 130. No chancery case can be found where the bill has been dismissed without a " finding of facts " and decree based thereon, as required by statute of 1801, where the judgment has been held to be an estoppel. The Practice Act has not changed the law in this regard.

" In an action on a promissory note, the maker is not estopped from setting up want of consideration, or fraud, by a judgment dismissing his petition on the merits in an action brought to enjoin the negotiation of the note and to obtain its surrender and cancellation, although the matter set up in defense was relied on as the ground of relief in the petition." *Cramner* v. *Moore*, 36 Ohio St., 347, 350 ; *Porter* v. *Wagner*, ibid., 471, 475 ; *Pendleton* v. *Dalton*, 92 N. Car. 185, 191 ; *McNamara* v. *Arthur*, 2 Ball & B. 349 ; *Wright* v. *Decklyne*, 1 Peters, Circuit Ct. 199, 202. Dissolution of preliminary injunction is not an estoppel. *Webb* v. *Buckelew*, 82 N. Y., 555, 560.

*Stiles Judson, Jr.,* for the appellee (plaintiff).

I. Assuming, for argument, that the defendant's claim be correct, that the record of the former judgment does not distinctly disclose that any issue was determined therein, other than the right of the plaintiff in that suit, to an injunction, the question presented is whether such omission in the record can be supplied by extrinsic evidence?

The objection urged by defendant on the trial was, that while all doubt of the admissibility of such evidence to supplement the record of judgment in an action at law, is removed by the numerous decisions upon this subject, that the record of a decree in equity cannot be thus aided. General Statutes, § 1111. We look in vain for any such distinction between judgments at law and decrees in equity, as is claimed by defendant to exist. All the facts upon which the judgment is founded, are contained in the complaint and answer in said action, and became a part of the record of the cause. The construction which defendant seeks to attach to this section, is entirely negatived by the provision therein, that " *such finding, if requested by any party, shall specially set forth the facts.*"

The purpose of the statute was to render the proceeding in the trial court susceptible to intelligent review, that it might be determined from the best source possible whether legal conclusions of the trial court were justified by the issues presented, and the facts proven at the trial. That at least was an office which such finding performed. *Goodrich et al.* v. *Stanly,* 23 Conn., 83.

II. The extrinsic evidence was properly admitted. *Sargent & Co.* v. *New Haven Steamboat Co.,* 65 Conn., 116; *Supples* v. *Connor,* 44 id., 429; *Hooker* v. *Hubbard,* 102 Mass., 242; *Burlen* v. *Shannon,* 99 id., 203; *Mosman* v. *Sanford,* 52 Conn., 33; General Statutes, § 2975; 2 Black on Judgments, §§ 624, 727; *Merritt* v. *Morse,* 108 Mass., 270; *McDowell* v. *Langdon,* 3 Gray, 513; *Jones* v. *Perkins,* 54 Me., 393; *Roger* v. *Libby,* 35 id., 200; *Ray* v. *Hegeman,* 98 N. Y., 358; *Campbell Mfg. Co.* v. *Walker,* 114 id., 7; *White* v. *Madison,* 26 id., 117; *Wood* v. *Jackson,* 8 Wend.,

9; *Russell* v. *Place*, 94 U. S., 606; *Young* v. *Black*, 7 Cranch, 565; *Miles* v. *Caldwell*, 2 Wall., 35; *Aspden* v. *Nixon*, 4 How. (U. S.), 407; *Fendall* v. *U. S.*, 12 Ct. of Cl., 305; *Cist* v. *Zeigler*, 16 Sergt. & R., 282; *Crotzer* v. *Russell*, 9 id., 81.

HALL, J. This is an action upon a note of $1,000 given by defendant to plaintiff.

The defendant's answer and counterclaim allege that this note, with others, was given as a part consideration for the plaintiff's agreement to transfer to the defendant certain policies of insurance to the amount of $3,000, upon property purchased by defendant of the plaintiff; that said property was destroyed by fire, and that by reason of the failure of the plaintiff to keep her agreement and transfer said policies, the defendant lost the consideration of said notes, and suffered damage to the amount of $3,000.

To this answer and counterclaim the plaintiff replied that the matters therein set forth had been fully adjudicated in favor of the present plaintiff, in a certain action in the Superior Court between the same parties, which action and judgment was described in the reply, and a copy of the record of the proceedings in said prior suit, was made a part of the reply as "Exhibit B."

To this reply the defendant made the following rejoinder: "So far as it is claimed that any judgment has been had, or now exists, which is a bar to the claims made in the defendant's answer and counterclaim, the allegations of the plaintiff's reply are denied." This was the only issue raised by the pleadings.

By this form of pleading the question of the sufficiency of the reply, that is, whether the facts alleged constitute a bar to the claims of the answer and counterclaim, is not raised. *Powers* v. *Mulvey*, 51 Conn., 433. The rejoinder is but a denial of the facts alleged in the reply. It raises only the questions of the existence of the alleged prior judgment and proceedings, and of the identity of the issues or questions raised and decided in that case, and those presented by the answer and counterclaim in this action. In finding the issue

in favor of the plaintiff, the court has decided these questions of fact, and its judgment is final, unless there was error in some ruling of evidence, or in reaching these conclusions of fact from the facts found.

Upon the trial, for the purpose of proving the facts alleged in the reply, the plaintiff offered in evidence a copy of the same record of judgment and proceedings which is made a part of the reply. The defendant made no objection to the admission of this record, either as evidence of the alleged judgment and proceedings, or as evidence that by those proceedings the same question had been litigated and decided which is sought to be raised by the defendant's answer in this suit. The plaintiff thereupon offered in evidence the deposition of the judge who had tried the former action, for the purpose as stated in the finding, " of proving that of the several issues raised by the pleadings in said former action, the particular issues raised by the defendant's answer and counterclaim in the present action relative to the note in controversy, were in fact heard in said former action, and determined by the court in said action in favor of this plaintiff and against this defendant." To the admission of this deposition the defendant objected, upon the ground that the facts found and the issues decided by the court in the former action, could only be proved by the record, and could not be varied or supplemented by extrinsic evidence. The court overruled the objection and admitted the evidence.

By this ruling is presented the only question of law which the record discloses to have been raised by the defendant upon the trial in the Superior Court, and the only one which can properly be considered upon this appeal. General Rules of Practice XVII., § 1.

Whether this deposition contained any statement prejudicial to the defendant, or contained any evidence which was inadmissible, we are unable to determine, as the record furnishes us no information regarding the contents of the deposition. So far as the record discloses, no further evidence was offered by the plaintiff, and no evidence was offered by the defendant to prove, and no claim made, that the note

sued upon in the present suit was not one of the notes de-
scribed in the former action.

That extrinsic evidence consistent with the record, may
be received to prove that a matter within the issue raised in
a prior action, between the same parties, was contested and
decided in such action, when the fact does not appear by the
unaided record, is well settled in this State. *Supples* v.
*Cannon*, 44 Conn., 424; *Mosman* v. *Sanford*, 52 id., 24;
*Huntley* v. *Holt*, 59 id., 102. The fact that the prior suit
was of an equitable nature, does not alter the effect of the
proof that in that action the subject-matter in controversy in
the present action was involved and determined. *Munson*
v. *Munson*, 30 Conn., 425. Nor is it rendered inadmissible,
as defendant's counsel seems to claim, by reason of § 1111 of
the General Statutes which requires all courts to cause the
facts upon which their final judgments are founded, to appear
on the record. A finding specially setting forth such facts
is only required to be made by the court when requested by
any party to the action. The General Rules of Practice
expressly provide that the requirements of this section are
complied with, by a finding of the issues in favor of the
plaintiff or defendant. Rule XVII., § 5.

But a sufficient reason why extrinsic evidence might have
been excluded in the present case, is found in the fact that
Exhibit B. furnishes in itself sufficient ·proof of the allega-
tions of the reply. The substance of the allegations of the
complaint in the former action is, that as a part consideration
for the purchase of certain land and buildings, the plaintiff in
that action gave to the defendant four notes (one of which the
court finds was the note in suit); that the defendant had
caused said buildings to be insured in the sum of $3,000, and
as a part consideration for said notes had agreed to cause said
policies to be transferred to the plaintiff; that the premises
were destroyed by fire, and that by reason of defendant's fail-
ure to transfer said policies as agreed, the plaintiff lost the
value of said buildings, alleged to be $4,000; that the defend-
ant was without property, that there was danger ·that she
would transfer said notes before due, and that plaintiff was

without remedy at law. The relief asked for was an injunction restraining the negotiation of the notes, and that they be delivered up for cancellation. The answer contained only admissions and denials.

By reason of the express admission in the answer of certain paragraphs of the complaint, and because under § 4 of Rule IV. (Rules under the Practice Act), other paragraphs not denied are deemed to have been admitted, it appears that the issue tried and decided at the former trial was upon the question whether the defendant had agreed to cause the policies in question to be transferred to the plaintiff; and that the granting of the relief asked for in the former action was opposed solely upon the ground that the defendant had not made the alleged agreement.

We are of opinion that it appears from the record of the prior suit, that the particular question which is decisive of the present action, and which constitutes the substance of the defendant's answer and counterclaim, was necessarily tried and determined by the court in the former action.

If it can be said that there was more than one issue of fact raised by the pleadings in the former suit, and that by the form of the judgment file, which reads that " the issue " is found for the defendant, there is a question as to what issue was decided, we think that as the court rendered final judgment in the case, and as the judgment file is signed by the clerk, which can only be done when all the issues are found in favor of the prevailing party, (General Rules of Practice XVIII., § 4,) that the word " issue " in the judgment file may properly be read issues.

In cases where by the pleadings more than one material allegation of fact is denied, and all the issues are found in favor of the prevailing party, the proper form of the judgment file is that the issues, not the issue, are found in favor of such party.

There is no error apparent upon the record.

In this opinion the other judges concurred.