ANDREW J. HATCH ET AL. *vs.* CHARLES P. THOMPSON.

Third Judicial District, New Haven, October Term, 1895. ANDREWS, C. J.,
    TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The statement in a judgment file signed only by the clerk, that the court
    finds the issue for the plaintiff, necessarily imports that all the issues
    closed to the court were so found. Such form is, however, irregular,
    and clerks should use the word " issues, " where the pleadings raise
    more than one issue.
The general issue and a plea of tender, whether of the whole or of part of
    the plaintiff's demand, are repugnant to each other and cannot properly
    be pleaded together. If, however, they are so pleaded, and the plain-
    tiff prevails on the general issue and the defendant on the issue of
    tender, the former is entitled to costs but the latter is not.
Under the practice in this State, proof of tender entitles the party plead-
    ing it to costs, only when it is pleaded as a sole defense.
Where the question of law the appellant seeks to have reviewed, is appar-
    ent on the face of the pleadings, it is unnecessary, and therefore im-
    proper, to seek to raise it by reference to evidence adduced under those
    pleadings, and certified up to this court under the Act of 1893. Reasons
    of appeal thus assigned rest on a wrong foundation, and are therefore
    substantially defective.

[Argued October 29th—decided November 22d, 1895.]

ACTION to recover for work and labor and materials fur-
nished, brought to the City Court of New Haven and tried
to the court, *Dow, J.;* facts found and judgment rendered for
the plaintiffs to recover $137.69, and for the defendant, who
had pleaded a tender of $140, to recover his costs of the plain-
tiffs, and appeal by the latter for alleged errors in the rulings
of the court.

The bill of particulars contained items amounting to
$145.04. The answer contained two defenses : the first a gen-
eral denial, and the second, which was traversed by the plain-
tiffs, that the goods and services were worth no more than
$140, and that the defendant had tendered that sum in pay-
ment, but the plaintiffs had refused to receive it.

The judgment, which was signed only by the clerk, after
stating that the parties appeared and were at issue to the

court, as on file, proceeded as follows: "The court having heard the parties finds the issue for the plaintiffs. Whereupon it is adjudged that the plaintiffs recover of the defendant one hundred thirty-seven and $\frac{69}{100}$ dollars damages, and that the defendant recover of the plaintiffs his costs, taxed at $      ."

The plaintiffs appealed, and at their request a special finding of facts was made by the court, from which it appeared that the defendant was indebted to the plaintiffs on an unsettled account, in the sum of $137.69, and that he had offered to pay them $140 in settlement of said account, in a manner and under circumstances which were particularly set forth, which offer they refused.

An additional finding was subsequently filed, on the plaintiffs' request, which detailed all the testimony respecting the tender, and also stated that the bill for $145.04 presented to the defendant, prior to the tender, was not correct, the real amount then due being only $137.68.

The plaintiffs assigned as reasons of appeal, the invalidity of the tender, the denial of costs to them, and their award to the defendant, and also the refusal of the court to find certain facts upon the evidence in the cause, which they claimed were material for a presentation of the questions of law. Certain other parts of the evidence bearing on these questions were certified by the court, at the plaintiffs' request, and made part of the record.

*Richard H. Tyner*, for the appellants (plaintiffs).

*John C. Gallagher*, for the appellee (defendant).

BALDWIN, J.   The recorded judgment of the City Court presents a plain case of an erroneous conclusion from the facts found. The issue is found for the plaintiffs, and it was thereupon adjudged that they recover $137.69 damages, and that the defendant recover of them his costs. Two defenses were pleaded, and each presented a separate issue. The statement in a judgment file signed only by the clerk,

that the parties were at issue as on file, and that the court finds the issue for the plaintiff, necessarily imports that all the issues closed to the court were so found. Supplement to Practice Book: Rules as to Records of Judgments, I., § 1; II., § 2. It is more regular in a case where there are several issues, to use the phrase, " The court finds the issues for the plaintiff," and clerks should be careful in this respect to follow the proper form. See Supplement to Practice Book, Forms 469, 472, 477; *Perkins* v. *Brazos*, 66 Conn., 242, 249. There are few answers in the nature of a denial, even if the defense be single, which do not raise several issues, upon as many paragraphs of the complaint. The denial of any material allegation constitutes an issue of fact. Practice Book, p. 17, Rule IV., § 12.

The defendant saw fit to plead a general denial to the plaintiffs' complaint, when his only real defense, as appears by the additional findings, was that more was demanded than was due, and that what was really due had been duly tendered. This was in direct violation of both the letter and the spirit of the Practice Act. General Statutes, §§ 874, 881. A plea of a general denial, when there are any material allegations in the complaint which the defendant knows to be true, subjects him to the payment of any reasonable expenses, necessarily incurred by the plaintiff to establish their truth. Practice Book, p. 16, Rule IV., §§ 5, 6. Much more should it subject him to the taxable costs, when judgment goes against him on the whole defense thus interposed.

The special finding of facts and the additional finding both support the general finding in the judgment file, so far as relates to the first defense. They show that the defendant was indebted to the plaintiffs for work and materials furnished, and that the dispute was not as to the existence of such a debt, but as to its amount.

As to the second defense, it is a question between the parties whether the special finding is or is not in accord with that in the judgment file. If the facts specially found necessarily constitute a valid tender, then they are inconsistent with the general finding. If they do not necessarily constitute a

valid tender, they are consistent with the general finding, by which the issues upon both defenses were found for the plaintiffs.

It is unnecessary, upon this appeal, to determine the question of their legal effect. If they proved a tender, as to which we intimate no opinion, they did not justify the interposition of the first defense, and upon that (no offer of judgment having been filed) the plaintiffs were entitled to full costs. The Practice Act, as concerns actions or defenses not of an equitable nature, has not altered the general rule by which costs go, as a matter of course, to the prevailing party. General Statutes, § 3720; *Blydenburgh* v. *Miles*, 39 Conn., 484, 497 ; Practice Book, p. 20, Rule VIII., § 8.

Nor if they proved a tender, does it follow that the defendant was entitled to costs upon that issue. He would have been, under the practice in this State, had a tender been thus pleaded as a sole defense. *Tracy* v. *Strong*, 2 Conn., 659. But even before the strict requirements of the Practice Act as to truthful pleading, it was the rule at common law that the general issue and a tender, whether of the whole or of part of the plaintiff's demand, could not be pleaded together. To set up a tender necessarily admits that something was due, and so is clearly repugnant to a denial that anything is due. *Maclellan* v. *Howard*, 4 Term Rep., 194; *Orgill* v. *Kemshead*, 4 Taunt., 459; 2 Saunders on Pl. & Ev., 834. Where the general issue is improperly joined with another defense, and found against the defendant, he cannot ask for costs, should he prevail on the issue raised upon the latter, since this would be to allow him to profit by his own wrong.

The reasons of appeal, predicated upon the denial of costs to the plaintiffs and their award to the defendant, state that the court erred in coming to that result upon the evidence introduced at the hearing, and which was certified up at the plaintiffs' request, in support of certain exceptions which they have taken to the finding. This evidence tended to show an admission by the defendant that something was due on the items contained in the plaintiffs' bill of particulars; but when evidence is certified up to this court, upon an

appeal, under the provisions of the Act of 1893, it is the proper subject of consideration only when this is necessary to enable the parties to present the questions of law which they desire to raise. *Styles* v. *Tyler*, 64 Conn., 432. The question of law which determines the award of costs between the parties to this action, is apparent on the face of the pleadings. It was unnecessary, and therefore improper, to seek to raise it by any reference to evidence adduced under those pleadings. Both reasons of appeal are therefore placed on a wrong foundation, and so are substantially defective. General Statutes, § 1135; General Rules of Practice XVI., 58 Conn., 584.

The facts in this case are not such as to induce us to relax a salutary rule, merely to shift the burden of a bill of costs; and for want of any sufficient assignment of error, the judgment of the City Court of New Haven is affirmed.

In this opinion the other judges concurred.