CLARENCE P. WILSON vs. THE CHESHIRE BRASS COMPANY, INCORPORATED.

Third Judicial District, New Haven, January Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

To render a former judgment between the same parties conclusive, it must appear that the particular matters urged as *res adjudicata* were necessarily tried and determined in that action; that is, that their consideration and decision were essential to the judgment as rendered therein.

In an earlier action between the present litigants, the Brass Company had sought, but unsuccessfully, to recover damages from Wilson for the alleged wrongful cancellation by him of certain fire insurance policies, and for refusing to disclose the names of the insurance companies which had issued the policies, in consequence of which the Brass Company was unable, as it alleged, to recover its loss after a fire had destroyed its property. Judgment in that action was rendered in favor of Wilson, and it appeared from the finding of facts made for the purposes of an appeal, and from the memorandum of decision, that the grounds of the judgment were, first, that the policies claimed to have been wrongfully cancelled by Wilson had not been cancelled; second, that the Brass Company had not been prevented, by Wilson's refusal to disclose the names of the insurance companies, from making its proofs of loss; and third, that the policies had become void by reason of a mortgage which the Brass Company had placed upon the property, after its in-

surance, without notice to the insurers. In the present case the plaintiff, Wilson, sought to recover a balance of $623, claimed to be due him for fire insurance premiums paid out in behalf of the defendant, the Cheshire Brass Company, seven months or more before the time of his alleged wrongful cancellation of the insurance policies. In its defense the Brass Company pleaded that the alleged balance had been reduced by the agreed cancellation of certain fire insurance policies and the application of the refunded premiums, and that the remainder of the account had been assumed as a liability by the president of the Brass Company with the assent of Wilson; and that these matters had been considered and determined in the Brass Company's favor in the earlier action. The reply of Wilson denied the alleged reduction of the account and the novation, admitted the judgment in the earlier action, but denied that it had decided the matters urged by the Brass Company in its defense. *Held:*—

1. That the issues raised in the present case were in nowise essential to, or involved in, the decision of the matters presented in the earlier action, and therefore the judgment rendered therein was not a bar to the plaintiff's right of recovery.

2. That the present issues, if considered in the former action, had apparently been decided in favor of Wilson and not of the Brass Company.

A statement in the judgment-file to the effect that "the issues" are found for the plaintiff or defendant, implies, in the absence of any evidence to the contrary, that all the issues were so found.

In case of an inconsistency between the statements of the finding and those of the draft-finding respecting any particular matter, it is the duty of the appellant to request a correction to be made by the trial judge and to secure such a correction.

The statements of the trial judge in the finding signed by him are to be treated as his finding respecting questions of fact, in the absence of anything elsewhere in the record to indicate the contrary.

Argued January 22d—decided March 5th, 1914.

ACTION to recover a balance alleged to be due for fire insurance premiums paid by the plaintiff for and on account of the defendant, brought to and tried by the Superior Court in New Haven County, *Bennett, J.;* facts found and judgment rendered for the plaintiff for $700, and appeal by the defendant. *No error.*

*Ward Church,* for the appellant (defendant).

*James H. Webb* and *Ralph H. Clark,* for the appellee (plaintiff).

THAYER, J. In the Superior Court the plaintiff had judgment for a balance which he claimed to be due from the defendant for insurance premiums. The action was brought on the common counts with a bill of particulars showing a balance of $623 to be due in August, 1908. The defendant pleaded three defenses: (1) that while the balance shown was due at the time indicated, it was then agreed between the parties that the plaintiff should cause certain policies which were then in force to be cancelled, and that any rebate which he might receive upon such cancellations should be applied in reduction of such balance; (2) that it was agreed between the plaintiff and the defendant and one Shares, the defendant's president, that the amount remaining due should be transferred to the personal account of said Shares, and that he should be accepted by the plaintiff as his debtor and the defendant discharged; (3) that these matters had been adjudicated and decided in the defendant's favor in a cause tried in the Superior Court wherein this defendant was plaintiff and the present plaintiff was defendant, said cause being *The Cheshire Brass Co.* v. *Wilson,* which was appealed to this court and is reported in 86 Conn. 551, 86 Atl. 26. The reply denied the allegations of the first two defenses, and admitting the judgment pleaded in the third, denied that it decided the matters set up in the other two defenses.

The finding of the court is that the balance of $623 was due to the plaintiff after the cancellation of the policies referred to in the first defense had been made and the unearned premiums had been credited to the defendant; that there was no agreement that the defendant should be discharged from liability for said

balance and the same charged to its president, Shares; and that these matters were not adjudicated in the suit of *Cheshire Brass Co.* v. *Wilson.* The defendant admits that these findings are conclusive against it, unless the court erred in holding that the matters set up in the first two defenses were not *res judicata* as set up in the third defense. This ruling of the court is assigned for error.

If these matters were finally determined in favor of the defendant in the other action between the parties, that adjudication was conclusive as between them as to those matters, and the same cannot be again litigated between them. To render the judgment thus conclusive, it must appear by the record of that suit, or by extrinsic evidence consistent therewith, that the particular matters sought to be concluded were necessarily tried and determined therein. *Supples* v. *Cannon*, 44 Conn. 424, 429; *Sargent & Co.* v. *New Haven Steamboat Co.*, 65 Conn. 116, 126, 31 Atl. 543. The former action, *Cheshire Brass Co.* v. *Wilson*, was an action sounding in tort, wherein it was sought to recover from the present plaintiff damages for having wrongfully cancelled certain insurance policies—which were confessedly issued after the cancellation of those referred to in the first defense in the present case—and for having wrongfully refused, after a fire had destroyed the property thereby insured, to give to the Brass Company the names of the insurance companies who had issued the policies claimed to have been wrongfully cancelled. It was not necessary to a determination of the question whether he was guilty of the torts thus charged, to determine whether, seven months previous to the time when the alleged torts were committed, the Brass Company was indebted to him for the balance for which recovery is sought in the present action, or whether there had been a novation by which

Shares became liable and the Brass Company was discharged from liability for that balance. It appears by the record in that case, however, that the defendant therein, the present plaintiff, alleged in his answer that on August 1st, 1908, the Brass Company was indebted to him for over-due premiums in the sum of more than $700, and that on August 10th it requested him to cancel all outstanding policies on its property, and that this was done and the unearned premiums credited to it, leaving a balance due to him of $623. In its reply the Brass Company admitted that on or about August 1st, 1908, it was indebted to Wilson for over-due premiums in a sum much less than $700, that shortly before August 10th, 1908, all of the then outstanding policies upon the plaintiff's property were agreed to be cancelled, and that the indebtedness therefor was to be charged to John O. Shares and the plaintiff released therefrom. To this part of the reply there was no rejoinder.

The record in that case, including the finding for appeal, memorandum of decision, and draft-finding, are made a part of the finding in the present case. The judgment-file states that the issues were found for the defendant, the present plaintiff. In the absence of evidence to the contrary, this finding of the issues for the defendant means that all the issues were found in his favor. *Perkins* v. *Brazos*, 66 Conn. 242, 249, 33 Atl. 908; *Hatch* v. *Thompson*, 67 Conn. 74, 76, 34 Atl. 770. The judge's finding of facts for purposes of an appeal, and his memorandum of decision, show that the grounds of his judgment were: (1) that the policies, claimed to have been wrongfully cancelled, had not been cancelled; (2) that the plaintiff (present defendant) had not been prevented, by the then defendant's refusal to give the names of the insurance companies, from making its proofs of loss; and (3) that by reason

of a mortgage which had been placed upon the insured property by the then plaintiff, after the insurance, without notice to the insurers, the policies, because this was a breach of a condition contained in them, became void.

It is apparent from the record, that a determination of the amount due Wilson in August for back premiums, either before or after the allowance for unearned premiums, was in no way necessary to, or involved in, the decision of the question whether the defendant—the present plaintiff—was guilty of the torts alleged respecting policies issued two or three months after the alleged novation. And this being so, the question whether there was a novation as to that balance was immaterial to the real issue litigated and therefore was not necessary to its determination. Had the plaintiff in that action, under General Statutes, § 763, requested the court to specially set forth in its judgment the facts upon which it was founded, the only facts proper to have been included in the judgment-file would have been the three just stated. These were the "adjudicated facts, found under the responsibility of the exercise of judicial duty and forming the basis of the judgment rendered. Facts found upon which the judgment is not based, which are in no way necessary to it, need not appear on the record, and when placed there form properly no part of it." *Broughel* v. *Southern New Eng. Tel. Co.*, 72 Conn. 617, 624, 45 Atl. 435. The record, in the finding for appeal, in that case, shows that the court found that after the rebates had been credited, and after the time of the claimed agreement of novation, the Brass Company was indebted to Wilson in the sum of $623. This negatives both of its present claims, for if there had been a novation it was no longer indebted on account of that balance in any sum, and, if there had been no novation, it was only indebted

for $623 less the rebates for unearned premiums, if its present claim is correct. This would show that if these questions were adjudicated they were decided against the present defendant's contention, that is, against it and in favor of the present plaintiff.

It appears, however, that in the draft-finding, filed by the Brass Company in that action with its request for a finding with a view to an appeal, there was a paragraph stating that the amount due Wilson was $623 before the rebates were credited, and that there was the novation which is now claimed. These two paragraphs were marked in the margin "proven," by the trial judge. It is insisted by counsel for the appellant that we are to take this as the real finding of the judge upon these questions.

Where paragraphs in a draft-finding, stating facts which would be proper in a finding on appeal, have been marked as the rules require and marked "proven," and no other finding relative to such facts has been made, we have held that such paragraphs will be treated as a part of the finding of the trial judge, and that it is unnecessary and improper to proceed in this court to have the finding so amended as to embody those paragraphs. We have never held that where there are paragraphs so marked in the draft-finding by the trial judge and in the finding which he makes for the purposes of an appeal he finds the facts directly contrary to the statements in such paragraphs, the latter are to be taken as the finding of the judge. In the absence of anything to indicate the contrary, the statement of the judge in the finding signed by him is to be treated as his finding as to such questions of fact. In the case of such inconsistent findings it would be the duty of the party moving for an appeal to request a correction to remove the inconsistency and to proceed to secure it. If, therefore, the matters now at issue

between the parties were adjudicated in the other action, it does not appear, and the court has not found, that they were there decided in favor of this defendant, but it would appear that they were there, as in the court below, decided in favor of the present plaintiff. But as these questions were not necessarily tried and determined in that action, the judgment in that suit, as held by the Superior Court, did not conclude the plaintiff from litigating them in the present action.

The assignments of error based upon the rulings of the court in excluding two questions asked of the plaintiff on cross-examination have not been pressed. The rulings were clearly correct.

There is no error.

In this opinion the other judges concurred.