EMELIA MENDROCHOWICZ *v.* HERMAN P. WOLFE ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued December 3, 1952—decided February 17, 1953

*Vincent Miller*, for the appellant (plaintiff).

*Samuel H. Platcow*, for the appellees (defendants Wolfe).

INGLIS, J. The plaintiff brought this action against three defendants, two of whom were Herman and Doris Wolfe, described in the writ as husband and

wife and as residing in Northampton, Massachusetts. We shall treat the case as if they were the only defendants.

The complaint is in three counts. The first sets forth that through his fraudulent representations the defendant Herman Wolfe acquired title to a parcel of land in Milford owned by the plaintiff and known as 37-41 East Broadway; the second alleges that Herman fraudulently obtained a hardware business owned and conducted by the plaintiff on the property just mentioned; and the third alleges that Herman, to avoid an attachment for the plaintiff's claim against him, conveyed the property without consideration to the defendant Doris Wolfe. The prayer for relief was that the plaintiff's deed to Herman and Herman's deed to Doris be set aside, that the plaintiff be declared the owner of the property, and that damages of $50,000 be awarded.

The return of the officer charged with serving the process recited that on April 17, 1950, he made an attachment of all the interest of both defendants in the property at 37-41 East Broadway, Milford, by filing a certificate of attachment in the town clerk's office. After that certificate was filed the plaintiff filed with the court her "Motion for Order of Attachment under Section 8024," in which she prayed that "the Court order such notice of commencement or pendency of such action be given to the defendants as the Court may deem reasonable." Thereupon the court "ordered in accordance with [General Statutes § 8024] that notice of the attachment made and the pendency of the action incident to which such attachment was made, together with the time when the same is returnable be given each of the defendants . . . by mailing each of them . . . a copy of the process and complaint with a return showing the real estate

attached ... by registered mail." The officer's return further states that on April 28 he sent by registered mail to each of the defendants a true and attested copy of the writ, summons, complaint and order of notice with his indorsement thereon and also left a true and attested copy of the same documents in the town clerk's office.

The defendant Herman filed a plea to the jurisdiction alleging that (1) he was a nonresident and (2) he did not, at the institution of the action, own any property in the state of Connecticut. The plaintiff answered, admitting (1) but denying (2). The other defendant, Doris, filed a plea in abatement alleging among other things that (1) she was a nonresident and (2) she had in fact, at the time of the purported attachment, an agent within the state and there was a person in charge or possession of the estate attached. The plaintiff's answer to the plea admitted (1) but denied all the other allegations, including (2). The court heard the parties, found the issues on the pleas in favor of the defendants and dismissed the action as to both. From the judgment entered thereon the plaintiff has appealed.

The court made no finding, although, ordinarily, one is essential to test the conclusions reached. *State* v. *Chin Lung,* 106 Conn. 701, 717, 139 A. 91; Maltbie, Conn. App. Proc., p. 98. The absence of a finding does not necessarily preclude action by this court. We are, however, limited in our inquiry to the material facts which appear upon the record and were put in issue by the pleas and answers thereto. *Dolbeare* v. *Dolbeare,* 124 Conn. 286, 288, 199 A. 555. Defective as this procedure is, it nevertheless makes possible the determination of the appeal. Thus, the record discloses that the court by its judgment found the issues for the defendants. This means that all

material and disputed allegations in each plea were found for the defendant in question. *Williamson's Appeal,* 123 Conn. 424, 426, 196 A. 770; *DiBlasi* v. *DiBlasi,* 116 Conn. 699, 700, 163 A. 473; *Wilson* v. *Cheshire Brass Co.,* 88 Conn. 118, 122, 89 A. 903; Practice Book § 191. The question presented for decision, therefore, is whether the facts alleged in the pleas justify the conclusion that the court had no jurisdiction to proceed with the case.

In so far as Herman's plea to the jurisdiction is concerned, the court acquired no jurisdiction to render a judgment binding him personally, since he was a nonresident upon whom personal service had not been made and since he did not appear generally. *Pennoyer* v. *Neff,* 95 U. S. 714, 727, 24 L. Ed. 565; 3 Freeman, Judgments (5th Ed.) § 1367. Furthermore, inasmuch as he had no property within the state, the court had no jurisdiction quasi in rem to award damages against him, since such jurisdiction would be obtained only by virtue of an attachment. *Smith* v. *Gilbert,* 71 Conn. 149, 153, 41 A. 284; *O'Sullivan* v. *Overton,* 56 Conn. 102, 103, 14 A. 300.

In the present action, however, the claim for damages is only secondary. The principal prayer for relief is that both the deed from the plaintiff to Herman and the deed from him to his wife be set aside and the plaintiff be declared the owner of the property. So far as this prayer for relief is concerned, the action is one in equity. It is true that ordinarily equity acts in personam. In this state, however, we have a statute which authorizes courts of equity to pass title to real estate by decree without requiring any act on the part of the defendant. General Statutes § 7759. When equity acts in this manner it is acting in rem. See *O'Sullivan* v. *Overton,* supra; *Robinson* v. *Cross,* 22 Conn. 171, 175.

The basis of the jurisdiction of the court of equity is that the title to the real estate is within its control. It is not essential that the court have jurisdiction of the person of the defendant. The present action is one in rem and the court has jurisdiction even though there was no personal service upon the defendant within this state. *Gaul* v. *Baker,* 108 Conn. 173, 175, 143 A. 51.

Nor does the fact that Herman no longer holds title to the real estate oust the court of jurisdiction to revest that title in the plaintiff. It may be that, because of the fact that he no longer holds the title, he will have no reason to make a contest. He was, however, a party to one of the deeds which the plaintiff is seeking to set aside. He may claim an interest in the subject matter of the litigation. He is, therefore, at least a permissible party and is entitled to notice of the pendency of the action. He was given such notice pursuant to the order of notice, for, although that order of notice was entered as a part of the proceedings to perfect an attachment, it provided for notice of the pendency of the action in the same manner as the order of notice to a nonresident in any action in rem does. See General Statutes § 7785. The crux of the matter is that the jurisdiction of the court rests upon the fact that it has jurisdiction of the res and that jurisdiction does not depend either upon the personal service of the defendant within this state or upon an attachment of his property. This does not mean, however, that notice of the pendency of the action as provided by the statute should not be given prior to the rendering of judgment. The plea to the jurisdiction of the defendant Herman should have been overruled.

The same line of reasoning applies with equal force to the plea in abatement of the defendant

Doris. There was no personal service on her. The attempted attachment of her property was abortive because, although she had an agent in charge of it, no copy of the process and complaint was served upon him. General Statutes § 8024. As we have already pointed out, however, in an action in rem such as the present it is not essential either that a defendant be served personally or that his property be attached. Sufficient notice of the pendency of the action was given to the defendant Doris in accordance with the statute, and that was all that was necessary. The grounds set forth in her plea do not constitute adequate reasons for abating the action against her.

There is error, the judgment is set aside and the case is remanded with direction to overrule the plea to the jurisdiction and the plea in abatement and then to proceed with the case in accordance with law.

In this opinion BROWN, C. J., and BALDWIN, J., concurred.

JENNINGS, J. (dissenting). I think the trial court was justified in holding that the plaintiff was bound by her reliance on General Statutes, § 8024. Since her attempted attachment thereunder was invalid, the ruling of the trial court should be sustained.

In this opinion O'SULLIVAN, J., concurred.