[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION JAN. 11, 1996.
The plaintiff, Phoenix Engineering Services, brings this action against the defendant, Harold Terk. The plaintiff alleges that the defendant, who served as an employee, officer, and director of plaintiff corporation, was terminated on or around February 5, 1993. The plaintiff further alleges that the defendant has refused to comply with the terms of the termination which include the plaintiff's right to purchase the defendant's shares of stock at book value. The plaintiff is seeking a declaratory judgment allowing it to purchase the defendant's stock pursuant to the agreed upon procedure.
By amended answer, special defenses, and counterclaims, the defendant petitioned for the judicial winding up of the plaintiff corporation pursuant to General Statutes § 33-382.[1] In response, the six shareholders of the plaintiff corporation, who are third party counter-defendants in this action (hereinafter "counter-defendants"), exercised their statutory appraisal remedy pursuant to General Statutes § 33-384 by filing a motion for an appraisal of their shares of stock in the corporation. That motion was granted by the court. CT Page 1103
Thereafter, the counter-defendants filed a motion to compel an appraisal in accordance with General Statutes § 33-384. The counter-defendants are requesting that the court order the appraiser, Walter C. King, to complete the appraisal of Phoenix Engineering Services, Inc. in accordance with the terms of the court order. The counter-defendants allege in their motion to compel that Mr. King has insisted that the plaintiff corporation sign an engagement letter relating to the appraisal which would guarantee payment of an unlimited amount of fees to Mr. King. Furthermore, the counter-defendants allege that Mr. King has refused to sign a confidentiality agreement with respect to information he will receive regarding the plaintiff corporation.
General Statutes 33-384 provides in part: "[w]henever a petition for judicial winding up is filed by a shareholder . . . any other shareholder may at any time within sixty days after the filing of such petition, or at such later time as the court in its discretion may allow, apply to the court to have the fair value of the petitioner's shares appraised." Subsection (f) further provides: "[t]he expenses of the appraisal shall be taxed by the court and shall be paid by the applicant if he fails to make the deposit as provided in subsection (c), otherwise shall be taxed against the corporation and added to the final costs of the action."
In the present case, the counter-defendants seek to compel an appraisal of the plaintiff corporation. The appraiser, Mr. King, states in his letter to the plaintiff corporation that it is standard practice to confirm the terms of the appraisal with each client through an engagement letter. However, the counter-defendants have refused to sign the appraiser's engagement letter, which confirms the terms of their agreement.
The essence of the relief sought by the counter-defendants is an equitable order from this court in the nature of a mandatory injunction directed against Mr. King. It is well-settled that "ordinarily equity acts in personam." Mendrochowicz v. Wolfe,139 Conn. 506 510, 95 A.2d 260 (1953). For the court to issue such an order it must have jurisdiction over the person, jurisdiction over the subject matter, and jurisdiction to render the particular judgment. See, e.g., Bridgeport v. Debek, 210 Conn. 175,179, 554 A.2d 728 (1989). For the court to have personal jurisdiction over King, he must be served personally or appear voluntarily. Carter v. Carter, 147 Conn. 238, 241, 159 A.2d 173
CT Page 1104 (19670), overruled on other grounds, Hodge v. Hodge, 178 Conn. 308,422 A.2d 280 (1979). Neither event has occurred here. "Our Supreme Court long ago stated that `the judgment of a court of even general jurisdiction cannot affect a person who had no notice to appear. As to him the proceedings are corum nonjudice.' Parsons v. Lyman, 32 Conn. 566, 577 (1963). GeneralMotors Acceptance Corporation v. Pumphrey, 13 Conn. App. 223,229, 535 A.2d 396 (1988).
Although the counter-defendants have a statutory right to an appraisal under General Statutes § 33-384, this court has no in personam jurisdiction over Mr. King and cannot compel him to begin his appraisal of the plaintiff corporation. The court denies the counter-defendants' motion to compel a § 33-384 appraisal.
Levin, J.