ALFRED NEILSON vs. THE HARTFORD STREET RAILWAY COMPANY.

First Judicial District, Hartford, January Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

While the statute permits the taking and use of a deposition under certain conditions, yet the oral testimony of the witness in open court is still regarded as the better evidence. Accordingly if the deponent is present at the trial and able to testify, his deposition is inadmissible, except under certain circumstances to contradict his oral testimony.

This court will not review, under Chap. 100 of the Public Acts of 1895, alleged errors of a trial judge in reaching specific conclusions of fact from the evidence, where such review is sought, not for the purpose of correcting the finding in order to present a question of law, but for the sole purpose of obtaining a new trial of the cause. The Act of 1895, equally with the similar Act of 1893, is only in aid of appeals for errors in law.

[Argued January 10th—decided April 15th, 1896.]

ACTION to recover damages for personal injury caused by the defendant's negligence; brought to the City Court of Hartford, and tried to the court, *McManus, J.;* facts found and judgment rendered for the plaintiff for $3,800 damages, and appeal by the defendant, mainly for alleged errors of fact upon the part of the trial judge. *No error.*

The case is sufficiently stated in the opinion.

*E. Henry Hyde, Jr.*, for the appellant (defendant).

The Act of 1895 differs materially from the Act of 1893, and was evidently intended by the legislature to avoid the constitutional defects of the Act of 1893, in so far forth as it may have been intended to provide a method by which errors of fact committed by an inferior court could be rectified by this court. *Styles* v. *Tyler*, 64 Conn., 432. The Act of 1895 avoids any attempt to impose upon this court the duty of determining any question of fact, and of rendering final judgment thereon, but provides simply that if this court shall find that material facts have been found against the evidence, or without evidence, or that material facts have been proven and not found, it shall correct the error into which the inferior court may have fallen, by granting a new trial of the case. The legislature has the constitutional right, in defining the power and jurisdiction of courts, to impose upon this court the exercise of the power itself. *Wheeler's Appeal*, 45 Conn., 315. When a deposition is once taken for good cause and has thus become legal evidence, it continues to be legal evidence, notwithstanding that the original cause for taking the deposition does not exist at the time of the trial. The cases of *Larkin* v. *Avery*, 23 Conn., 324, and *Spear* v. *Coon*, 32 id., 292, may be claimed as authorities to support the ruling of the court in this case, but we submit that neither of the cases quite touch the point at issue.

*Edward D. Robbins* and *Andrew J. Broughel, Jr.*, for the appellee (plaintiff).

The decisions of this court upon the similar Act of 1893, established principles at variance with any such construction of chapter 100 of the Public Acts of 1895, as must be invoked to sustain the contentions of defendant's counsel. *Styles* v. *Tyler*, 64 Conn., 432; *Meriden Savings Bank* v. *Wellington*, ibid., 553. The ruling of the court upon the deposition of Bertha E. Hunter was correct. It has been held in many cases that a deposition cannot be used if the witness can be produced in court by the party desiring his testimony. *Larkin* v. *Avery*, 23 Conn., 304; *Spear* v. *Coon*,

32 id., 292; *Hayward* v. *Barron*, 38 N. H., 370; *Clough* v. *Bowman*, 15 id., 515; *Doe ex dem. Sergeant* v. *Adams*, 1 Tyler (Vt.), 197; *Weed* v. *Kellogg*, 6 McLean (U. S.), 44; *Dunn* v. *Dunn*, 11 Mich., 284; *Emlaw* v. *Emlaw*, 20 id., 11; *Boetge* v. *Landa*, 22 Tex., 105; *Chapman* v. *Kerr*, 80 Mo., 158; *Mobile Life Ins. Co.* v. *Walker*, 58 Ala., 290; *Brewer* v. *Beckwith*, 35 Miss., 467; *Commercial Bank of Columbus* v. *Whitehead*, 4 Ala., 637; *Goodwyn* v. *Lloyd*, 8 Porter, 237; *Fry* v. *Bennett*, 4 Duer, 247; *Browner* v. *Frauenthal*, 37 N. Y., 166.

TORRANCE, J. This is an action to recover damages for bodily injury claimed to have been caused by the negligence of the defendant.

The case was brought to the City Court of Hartford at its January term, 1895, and upon a default and hearing in damages judgment was rendered at the following October term for the plaintiff, for substantial damages.

Upon the trial the defendant offered in evidence the deposition of one Bertha E. Hunter, taken in February, 1895, because, as was alleged, the witness was about to depart from this State. When the deposition was thus offered the witness was present in court, having been summoned by the plaintiff; she was under no disability to testify, and no claim was made that she was hostile to the defendant. Under these circumstances the plaintiff objected to the admission of the deposition, and the court excluded it, but said the defendant might introduce it, if necessary or desirable to contradict the oral testimony of the witness. To this ruling the defendant excepted.

Under the provisions of chapter 100 of the Public Acts of 1895, the defendant incorporated in its request for a finding, certain facts which it claimed had been proved on the trial, and asked the court to make them a part of the finding. Subsequently the court made a finding of facts, but refused to find certain facts embodied in the request. The defendant duly excepted in writing to the finding, because of such refusal, and also because the court had found there-

in certain facts which the defendant claimed were not warranted by the evidence; and requested the court to certify to certain evidence bearing upon both points, which it claimed to be material, and this was done. From the judgment rendered, the defendant took the present appeal for the errors of law and of fact which it claimed the trial court had committed.

The reasons of appeal are thirty in number. The first three allege in substance that the court erred " in holding as a matter of law upon the facts *proved*," that the injury was due to the defendant's negligence, and that the plaintiff was entitled to substantial damages; the fourth and fifth relate to the action of the court in refusing to admit the deposition in evidence; while all the rest relate solely to claimed errors of the trial court in finding, or in refusing to find, certain specific facts.

Upon the argument here the question was mooted whether this appeal was properly taken under said Act of 1895, inasmuch as the action was pending when that Act took effect, and § 1 of the General Statutes provides that " the passage or repeal of an Act shall not affect any action then pending "; but there is no occasion to discuss or decide that question here, for if the Act of 1895 can be deemed applicable to the case, it affords no ground for any of the exceptions to the finding relating to questions of fact.

The only error of law which the defendant claims upon the finding as made by the court below, is the refusal to admit the deposition, and this action of the court, under the circumstances, was clearly right.

All the statutory provisions of this State relating to the taking and use of depositions in civil causes, impliedly recognize the existence of the common law rule that witnesses must be produced and examined orally before the court or jury; and those provisions were made to dispense with that rule only in certain specified cases, where, if it were enforced or insisted upon, testimony would be lost or great expense and inconvenience would have to be incurred in order to comply with the rule.

This common law rule is the general rule to be enforced by the court, unless the statutory conditions exist for dispensing with it, and the statutory requirements relating to depositions have been substantially complied with.

In the case at bar the deposition was taken solely because it was supposed the witness would be absent from the State at the time of the trial; but it turned out that she was present in court at the trial, and was capable of testifying orally had the defendant seen fit to call her as a witness. Under such circumstances the rule in this State and in many others under similar statutory provisions, is to exclude the deposition. The oral testimony of the witness in open court is still regarded as the better evidence, and the right to substitute for it a deposition, does not exist in a case like the one at bar. The rule in question is recognized expressly or by clear implication in the following cases in this State and elsewhere. *Larkin* v. *Avery*, 23 Conn., 304; *Spear* v. *Coon*, 32 id., 292; *Hayward* v. *Barron*, 38 N. H., 366, 370; *Dunn* v. *Dunn*, 11 Mich., 284; *Emlaw* v. *Emlaw*, 20 id., 11; *Chapman* v. *Kerr*, 80 Mo., 158.

This disposes of the only question of law presented for review upon this appeal, and leaves for consideration the question raised upon the record concerning the alleged errors of fact; and this involves the construction of chapter 100 of the Public Acts of 1895.

The errors alleged, upon this part of the case, are purely and simply errors of fact; that is, they are errors of a judge in reaching specific conclusions of fact from, and upon consideration of, the evidence in the case; and the review of these errors of fact is not sought for the purpose of correcting the finding in order to present the only question of law decided by the trial court adversely to the defendant, for that is sufficiently presented without such review; but it is sought solely for the purpose of obtaining a new trial of the cause.

The provisions of the repealed Act of 1893 (Chap. 174, Public Acts of 1893), with the exception of those which were contained in sections 4 and 9, are substantially embodied in

the Act of 1895. Section 4 of the Act of 1893 required the trial judge to indicate the paragraphs of the request for a finding which he found "proven" or "not proven"; the Act of 1895 contains no such provision. Moreover, there is a difference between the provisions contained in section 9 of the Act of 1895, and those which were contained in the corresponding section of the Act of 1893; and it is upon this difference that the defendant founds its claim to have the errors of fact reviewed upon this appeal.

Before considering the points of difference between the two statutes, it may be well to note briefly their points of resemblance. They are alike in limiting the right of appeal to this court upon questions of mere fact, to cases involving errors of law. If no claimed errors of law were presented by the record, an appeal for alleged errors of fact was not allowed by the terms of the Act of 1893; nor, except under the same limitation, is such an appeal allowed under the Act of 1895, as is manifest by the first section of both Acts. The provisions for making and perfecting the record to come before this court, are substantially the same in both Acts; except that, as before stated, the provisions of section 4 of the Act of 1893 are not contained in the present Act. The Act of 1893 did not require all the evidence in the case, nor even all the evidence bearing upon any fact or facts which the court found or refused to find, to be made a part of the record; but only such evidence as either party claimed to be material, and which the trial court allowed. (Section 6, Act of 1893.) The provisions of the Act of 1895 as to this matter, are substantially the same. (Sections 5, 6 and 7, Act of 1895.) The Act of 1893 (§ 7), in cases involving errors of law, in terms at least, allowed an appeal from specific facts which the court found or refused to find, however trivial and subordinate and however numerous; and did not necessarily require such appeal to be from the entire finding, nor from the main conclusion of fact reached by the trial court. This same provision is embodied in § 7 of the Act of 1895.

The points thus briefly noted are the main points of resemblance between the two Acts, and it remains to indicate

the main point of difference between them. This is found. in the provisions of § 9 of the Act of 1895, as compared with § 9 of the Act of 1893. The two sections read as follows :

| *Act of* 1893. | *Act of* 1895. |
|---|---|
| " The Supreme Court of Errors shall review all questions of fact raised by the appeal as well as all questions of law, and in all cases where no evidence has been improperly admitted or excluded in the trial court, shall determine the questions of fact and law and render final judgment thereon. In passing upon said questions of fact, said Supreme Court shall not reverse the finding of the trial court upon any question of fact, unless it find the conclusions of such trial court clearly against the weight of evidence." | " The Supreme Court of Errors shall review all questions of fact raised by such appeals, and if it appears that the finding of the court does not present the questions of law decided by the trial court, said Supreme Court shall correct such finding. And if the Supreme Court of Errors shall find that material facts have been found against the evidence or without evidence, or material facts have been proved and not found, the court shall grant a new trial." |

On comparing these two sections, if the language of each is taken literally and each is read and construed without reference to the other parts of the respective Acts, the difference between them, speaking in a general way, seems to be this : The first required this court to review specific questions of fact and to determine them, for the purpose, in a certain contingency, of rendering final judgment in the cause ; while the second requires this court to review and determine specific questions of fact for two purposes, namely, with a view to the correction of the record, and with a view to granting or refusing a new trial.

The only question of law presented by this appeal is that relating to the admission of the deposition, and none of the numerous exceptions in the finding bear in any respect upon

the facts which led the court to exclude it. They are not, therefore, exceptions which this court could consider under the Act of 1895, which is only in aid of appeals for errors in law.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.