HERBERT L. HANDY ET AL. vs. ANSON G. SMITH.

Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The deposition of a witness who is present in court ready and willing to testify may properly be excluded.

Entries relating to the delivery of merchandise, made at the time in a book which the party testifies is his only account book, are not mere memoranda but entries in book account, and admissible in evidence as such, notwithstanding the book contains items in reference to other matters.

To rebut evidence of payment, the account books of the adverse party, if kept in the usual course of business, are admissible for the purpose of showing that no payments are credited thereon.

A ruling excluding such books is harmless, however, if the fact that they contained no such credits is expressly admitted upon the trial.

Argued June 9th—decided August 12th, 1904.

ACTION to recover the amount of a book account for groceries sold and delivered, brought by appeal from a judgment of a justice of the peace to the Court of Common Pleas in New Haven County and tried to the jury before *Bishop, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Clifford C. Gilbert,* for the appellants (plaintiffs).

*Robert L. Munger,* for the appellee (defendant).

TORRANCE, C. J.   This suit was brought to recover the balance claimed to be due upon a book account from the defendant to one Burkhardt.   Burkhardt was adjudged a bankrupt on the 20th of March, 1902, and, by his trustees, this account was duly assigned to the plaintiffs.   At the time Burkhardt went into bankruptcy his books showed the balance of said account to be $99.07.   The defense was payment of this admitted balance by the delivery to Burkhardt, between February 26th and March 12th, 1902, of sundry articles of merchandise and $45 in cash.   The plaintiffs denied the payment, and this was the only issue in the case; and the jury found it for the defendant.

The plaintiffs now claim that the trial court erred in certain of its rulings upon evidence, and in its charge.   The errors alleged are fourteen in number.   Some of them are frivolous, and there are only three or four that seem to merit consideration.   One of these relates to the exclusion of the deposition given by Schneider.   The court, against the objection of the plaintiffs, excluded the deposition, because Schneider was present in court ready and willing to testify in the case.   The deposition was properly excluded. *Neilson* v. *Hartford Street Ry. Co.,* 67 Conn, 466.

In support of his claim of payment by delivery of merchandise to Burkhardt, as alleged in the answer, the defendant produced a book, which is made a part of the record, containing entries relating to such deliveries. The book also contained memoranda made and used by the defendant in reference to other matters. The defendant testified that this was his account book, and the only one he kept; that the entries in said book relating to said deliveries of merchandise to Burkhardt were made by him at the time when the merchandise therein described was delivered to Burkhardt. The defendant then offered these entries in evidence, and the plaintiffs objected to their admission on the ground that the book "was not a proper account book," and that it "did not appear to be a correct account kept by the defendant with Burkhardt." The court properly admitted the entries in evidence. Under the circumstances appearing in evidence in reference to these entries of the sale and delivery of merchandise, the entries were entries in book account and not mere memoranda; *Gleason* v. *Kinney*, 65 Vt. 560; and as such entries were clearly admissible in a case of this kind, under § 981 of the General Statutes. *Plumb* v. *Curtis*, 66 Conn. 154, 167.

Burkhardt and the defendant both testified in support of the defendant's claim of payment by cash and merchandise. as alleged in the answer. To rebut this evidence the plaintiffs offered the day books and ledger of Burkhardt, covering the period during which it was claimed said payments had been made, "for the purpose of showing that there were no credits thereon for said merchandise and money." The books were offered in connection with evidence showing that the usual course of business in Burkhardt's store was such that the claimed payments, if made, would probably have been credited upon the books. The court excluded the books and we think it erred in so doing. The fact that these books, under the facts in regard to them appearing in evidence, contained no credits to Smith for any of his claimed payments between February 26th and March 12th, 1902, was a very significant fact, clearly admissible in rebuttal;

and the excluded books were admissible as evidence to show that fact.

But we think this erroneous ruling did the plaintiffs no harm. It was the fact that the books contained no credits for the claimed payments, to which the plaintiffs were entitled; and they were allowed to prove that fact by other evidence and did so. Burkhardt testified that there were no such credits; and his bookkeeper examined the books in the presence of the jury, and testified that there were no such credits; and the defendant's counsel, in the presence of the jury, expressly conceded that there were no such credits. Under these circumstances it is difficult to see how the exclusion of evidence tending to prove a fact can be harmful, when the existence of the fact sought to be proved is afterwards proved and admitted.

The plaintiffs complain also of certain parts of the charge; but taking it as a whole we think there is nothing in it that entitles the plaintiffs to a new trial.

There is no error.

In this opinion the other judges concurred.