FRANCIS J. GAUL vs. CHARLES H. BAKER ET AL.

Third Judicial District, Bridgeport, April Term, 1928.

MALTBIE, HAINES, HINMAN, AVERY and BALDWIN, Js.

Argued April 11th—decided June 18th, 1928.

*Joseph A. Gray,* for the appellants (defendants).

*Raymond E. Hackett,* for the appellee (plaintiff).

MALTBIE, J. This is an action of ejectment. The defendant Baker pleaded in abatement, among other grounds stated, that he was a nonresident and that no personal service had been made on him nor had any property belonging to him in this State been attached, and these facts were admitted in the answer to the plea.

When the action was instituted notice of its pendency was ordered to be given to Baker by registered mail, in accordance with the provisions of §5599 of the General Statutes, and this order was complied with. Subsequently another like order was made and complied with, and the case was ordered continued on the docket for three months, but upon proof that Baker had received actual notice of the pendency of the action, the continuance was thereafter terminated, this procedure strictly according in all respects with the applicable provisions of §§5625 and 5627 of the General Statutes. Our action of ejectment differs greatly from that of the common law and is much broader in its scope. *Walsh* v. *Feustel*, 93 Conn. 366, 370, 105 Atl. 696. It may and usually does involve the question of title, so much so that the pendency of an action of ejectment may be ground for abating a later action brought to settle the title to the lands involved. *Cahill* v. *Cahill*, 76 Conn. 542, 545, 57 Atl. 284. As a proceeding brought to determine the title and right to the possession of land it is a local action, and the issues are not such that they could be tried elsewhere than in this State. *Kentucky Coal Lands Co.* v. *Mineral Development Co.*, 219 Fed. 45, 46. When brought, as it is here, to assert a right to possession based upon a claimed title, it is substantially a proceeding *in rem*, and, as our statutes contain applicable provisions for notice to a nonresident claimed to be in possession of the land and as these provisions were followed in this case, the court had jurisdiction to determine the plaintiff's right to the land as against the defendant Baker. *Harris* v. *Weed*, 89 Conn. 214, 221, 93 Atl. 232; *Roller* v. *Holly*, 176 U. S. 398, 20 Sup. Ct. 410; *Arndt* v. *Griggs*, 134 U. S. 316, 10 Sup. Ct. 557; *Clem* v. *Givens*, 106 Va. 145, 85 S. E. 567; *Williams* v. *Williams*, 221 Ill. 541, 545, 77 N. E. 928. The other grounds of abatement alleged,

in so far as they could be considered proper matter to plead in abatement at all, required evidence to support them and the defendant offered none. To be sure, at the time finally set for hearing, he asked a continuance, but the court refused it, and we cannot find that it abused its discretion in that regard. There was no error in overruling the plea in abatement.

Having overruled the plea, the trial court properly proceeded with the case. Judgment of default for failure to appear was entered against the defendant Baker and he took no further part in the action until this appeal was filed. The complaint alleged that Baker had wrongfully dispossessed the plaintiff and was keeping him out of possession, and that the other defendant, Gerace, was also occupying and in possession of the premises as a caretaker and agent for Baker. Gerace pleaded in answer a general denial of the complaint and a counterclaim. In so far as the general denial is concerned, the claim of Gerace seems to be, not that the plaintiff was not the holder of the legal title of the premises, but that he had no real interest in them and was holding title merely for the benefit and as the representative of one Newman. The trial court has found that the plaintiff became the owner in fee of the premises in 1922 and was such owner and entitled to immediate possession when the action was brought. Only by correcting and adding to the finding could the defendant maintain its claim and no proper steps were taken to that end. Moreover, the defendant does not dispute that Gaul held the legal title to the premises and as such this action at law was well brought by him; our rule permits, but does not require, actions to be brought in the name of the real party in interest. Practice Book, p. 278, §161; *Lowndes* v. *City National Bank,* 79 Conn. 693, 696, 66 Atl. 514; *Treat* v. *Stanton,* 14 Conn. 445, 451.

In the first count of the counterclaim Gerace alleges that he had been in possession of the premises under employment by the plaintiff and claimed the reasonable value of his services under that employment. But the trial court has found that Gerace was in possession of the premises as caretaker for the defendant Baker, has been paid by him for his services, and was never employed by the plaintiff. This finding the defendants attempt to attack, but again they have followed no proper procedure. Had they done so, an examination of the evidence which appears in the record in connection with certain exceptions to the finding filed after the appeal had been taken and long after the time fixed by the statute, discloses abundant basis for the finding as made. In the second count of the counterclaim Gerace alleges that he owns and holds as bona fide assignee a claim of Baker against the plaintiff "and his principals and beneficiaries in this action," based upon improvements and betterments put upon the land by Baker while in possession of it under a lease from Newman. In *Newman* v. *Gaul,* 102 Conn. 425, 129 Atl. 221, this claim first came before us, and we held that if Baker had any lien for the cost of these improvements by reason of his lease from Newman it might take precedence over the rights of Gaul, who had acquired title by redeeming the property under a foreclosure of a mortgage subsequent to Baker's lease. Thereafter, in an action to quiet title to the land brought by the present plaintiff against Baker, the latter set up this claimed lien in a counterclaim, and, upon his failure to offer any proper evidence that such improvements had been made by him, the trial court found the issues against him and we sustained that judgment. *Gaul* v. *Baker,* 105 Conn. 80, 134 Atl. 250. As between the present plaintiff and Baker, it thereby became an adjudicated fact that the latter had no

claim against the plaintiff for these improvements nor any lien upon the land on account of them. Gerace, as assignee of Baker, has no higher right. *Pearne* v. *Coyne,* 79 Conn. 570, 575, 65 Atl. 973; 5 Corpus Juris, 962. The claim of Gerace that Newman was the real owner of the property, the plaintiff merely holding the legal title for him, is not supported by the finding nor, if we overlook the defendant's failure to seek corrections to it in any proper way, does the record disclose any evidence such that we can hold that the court should have found that to be the situation. Any right the defendant Gerace may have against Newman cannot avail him in this action.

At the close of the trial the defendant Gerace offered in evidence a voluminous deposition to which were attached many exhibits. To expedite the trial counsel agreed that the deposition should not be read, but the plaintiff might submit written objections to any questions, these to be considered and ruled upon by the trial judge on reading the deposition, and exceptions to be noted in behalf of the defendant as to any objections sustained. The trial court did sustain an objection to practically all the direct and indirect testimony of the deponent upon the ground that the evidence went to prove the value of the improvements alleged in the counterclaim and that no recovery could be had for them in this action. The correctness of this ruling is apparent from what we have said. There was included in the plaintiff's rather sweeping objection some testimony which bore upon the relationship of Newman to the property, but as, neither by itself nor in connection with any other evidence appearing in the record could it afford a reasonable basis for the conclusion that the plaintiff was holding the legal title of the property for Newman as beneficial owner, the exclusion of this testimony cannot be deemed harmful. The sustaining of

a further objection to portions of the deposition because the deponent was stating the contents of certain written documents is manifestly correct. The defendant also claims error in the exclusion of a deposition of the plaintiff; the record does not disclose that it was excluded; moreover, the trial court finds that Gaul was present in court during the trial, though not called as a witness, and under these circumstances error could not be predicated upon the exclusion of the deposition. *Neilson* v. *Hartford Street Ry. Co.,* 67 Conn. 466, 34 Atl. 820; *Handy* v. *Smith,* 77 Conn. 165, 58 Atl. 694.

The reasons of appeal not covered at least inferentially by what we have said may be briefly disposed of. The defendant Baker demurred to the answer to his plea in abatement, but as that answer consisted merely of admissions and denials the trial court properly overruled the demurrer. Any question which might arise out of a joint possession of the premises by the defendant Baker and his wife, not a party to the action, is not before us because it is not found that she was in possession of the premises jointly or otherwise, and no proper steps were taken to import such a fact into the record. The refusal of the trial court to continue the trial was well within its discretion upon the facts as found; and there is no basis laid for importing into the record further facts as to this matter, nor as to certain other minor matters not presented by the finding as it stands.

There is no error.

In this opinion the other judges concurred.