Allen, J.
 

 The plaintiff in error will be called the plaintiff, and the defendant in error the defendant, throughout this opinion.
 

 As shown by the record in this case, the automobile owned by the decedent, Bracy B. Jackson, in some manner swerved from the traveled portion of Route 18 in Portage county, Ohio, left the road, ran across a ditch upon the south side of the road, and collided with a telephone pole with such violence that the pole was broken into three pieces. The owner of the automobile, Bracy B. Jackson, died within a short time after .the accident, and Walter F. Nauts, the plaintiff, was seriously injured. Nauts did not testify at the trial, and we therefore lack his version of the accident.
 

 It was established by an eye-witness that the plaintiff was thrown some twenty feet from the automobile, that the left front door of the automobile was jerked off, that the telephone pole was broken into three pieces, the bottom piece being greatly splintered, and that the owner, Bracy B. Jackson, was picked up in the ditch with nothing but “mud and blood in his hands.”
 

 It was the main theory of the plaintiff’s case, as shown by the briefs and the record, that the accident was caused by negligence on the part of the defendant’s decedent, Jackson, in that he operated his automobile knowing that the steering and braking facilities connected with the right front wheel were defective. In support of this contention, a deposition was taken of a witness named Cameron Richard Bliss. At the trial, after the happening of the accident had been proven, plaintiff’s counsel stated that he wished to read the deposition of Mr. Bliss to the jury. The following
 
 *118
 
 statement was then made by counsel for the defendant:
 

 “I say to the court now that I know Mr. Bliss is within three minutes of the. court house here in Ravenna, I can call for him and have him here in three minutes * * I object to the deposition on that basis. ’ ’
 

 The court permitted the reading of this deposition, although there was evidence in the record that Mr. Bliss was then sitting in the court room. After the direct examination embodied in the deposition was read, counsel for the defense moved “for permission to call the witness whose deposition was taken who is now in the court house and that the defendant be permitted to cross examine the witness in person.” This motion was resisted by counsel for plaintiff, upon the ground that the witness had been cross-examined at the time the deposition was taken. The motion was overruled, and exception was duly noted. The court then permitted the cross-examination embodied in the deposition to be read. The defendant then moved that the entire deposition be stricken from the record, and the jury be instructed to disregard it. The court overruled the motion. The defendant was at no time during the progress of the trial allowed to cross-examine Bliss. It was upon the ground of the admission of this deposition when the witness was “within call of the court” that the Court of Appeals reversed the judgment in favor of the plaintiff below. The Court of Appeals then certified the case to this court for review and final determination upon the ground that the judgment agreed upon by that court was in conflict with judgments theretofore pronounced upon the question by the Court of Appeals of Knox county, in the case of
 
 Mossholder
 
 v.
 
 Head,
 
 13 Ohio Law Abs., 421, 37 O. L. R., 372, and by the Court of Appeals of Franklin county in the case of
 
 Columbus Railway, Power & Light Co.
 
 v.
 
 Lombard,
 
 33 Ohio App., 47, 168 N. E., 619.
 

 Since the Court of Appeals found that its judgment
 
 *119
 
 in the instant case was in conflict with the two cases above cited, it is urged by the plaintiff that the Court of Appeals by its certification has impliedly stated that two or more issues were'not present in the instant case.
 
 Columbus Railway, Power & Light Co.
 
 v.
 
 Lombard, supra,
 
 relies upon and cites cases heretofore announced by this court dealing with the two-issue rule.
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626;
 
 Ochsner, Admr.,
 
 v.
 
 Cincinnati Traction Co.,
 
 107 Ohio St., 33, 140 N. E., 644;
 
 Hubert
 
 v.
 
 Kessler, Trustee,
 
 108 Ohio St., 584, 142 N. E., 38. While the
 
 Mossholder case, supra,
 
 does not cite these decisions, it does rely upon the two-issue rule. Plaintiff therefore urges that the Court of Appeals by its judgment herein impliedly states that if it had found two issues to exist, the judgment of the trial court would not have been reversed. He therefore contends that two or more issues are present in this case, that the error found by the Court of Appeals pertains only to one of such issues, and that under the well-known “two-issue” rule the judgment of the Court of Appeals must be reversed. In our view, however, whether or not the action presented separate and distinct issues with reference to the alleged negligence of the defendant’s decedent, the reversal by the Court of Appeals of the judgment below does not raise the question of the two-issue rule.
 

 The reversal was based solely upon the erroneous and prejudicial admission in evidence of the deposition of Cameron Bliss.
 

 With reference to this fact, plaintiff urges that Bliss’s deposition related only to the question whether Jackson negligently operated the automobile, knowing that the brake was defective. However, while it is true that the deposition is directed particularly to this issue, it is also true that it relates to every issue of negligence raised in the petition. In addition to testimony as to the condition of the brake prior to the accident, the deposition presents testimony as to observa
 
 *120
 
 tions made by the witness after the removal of the automobile from the scene of the accident, as follows:
 

 “Q. And you state one of these marks was burnt into the road? A. Yes.”
 

 The deposition related to such matters as the marks of the tires upon the highway, the nature of the road, and the conditions at the scene of the tragedy. The deposition also presents statements as to the condition of the car after it had collided with the telephone pole. This evidence was material and relevant, not merely upon the question of negligence in the operation of the car with a defective brake, but also with reference to the other allegations of negligent operation of the car, above set forth.
 

 However, the larger question presented by this record is that raised by the action of the trial court in admitting in evidence the deposition of a witness when the witness was within the county, and not incapacitated by age, infirmity or imprisonment from attending court.
 

 Section 11525, General Code, provides as follows:
 

 ‘ ‘ The deposition of a witness may be used only when it is made to appear to the satisfaction of the court that he does not reside in, or is absent from, the county where the action or proceeding is pending, or, by change of venue, is sent for trial; or that he is dead, or, from age,- infirmity, or imprisonment, is unable to attend court; or that the testimony is required upon a motion, or where the oral examination of the witness is not required.”
 

 This section not only authorizes the use of the deposition of a witness, but says that it may be used “only” when the requirements later specified in the section appear. In other words, Section 11525 does not give an option to the court either to use a deposition or to hear the witness when the witness is present in the court. It emphatically requires that under the facts of this case the deposition of the witness be used only
 
 *121
 
 when the witness is absent from the county where the action or proceeding is pending.
 

 In this case the witness was not absent from the county where the action or proceeding was pending. He was not only present in the county, he was present in the court house, he was actually in the trial room.
 

 It is argued, however, that no reversible error existed because of the fact that upon the taking of the deposition the defendant had the right to cross-examine this witness. But when the deposition was taken, none of the evidence presented in the trial of the case was in. Two witnesses, including the main eye-witness to the accident, had testified at the trial before this deposition was offered in evidence. There were many points upon which the defendant might then and there have desired to cross-examine Bliss if the court had allowed him. Counsel for defendant might not have been aware of some of these points at the time the deposition was taken. Furthermore, that cross-examination might have developed material testimony going to every one of the four specifications of negligence relating not merely to the question of the brake, but to the alleged speed, the alleged failure to stop the car, and the control or lack of control which was exercised over the car as it jumped the ditch and struck the telephone pole.
 

 We can conceive of no statutory provision more clearly worded than this embodied in Section 11525. It means exactly what it says. It means that when a witness is present in the county, and not incapacitated to attend court, by reason of age, infirmity or imprisonment, if his deposition has been taken it is reversible error for the trial court to have it read instead of permitting the witness to testify.
 

 This is the general rule. As stated in 8 Ruling Case Law, 1137:
 

 If * * a witness be actually present throughout the trial, his deposition previously taken may not
 
 *122
 
 be read in evidence.” 14 Ohio Jurisprudence, 69, Section 79;
 
 Handy
 
 v.
 
 Smith,
 
 77
 
 Conn.,
 
 165, 58 A., 694;
 
 Dailey
 
 v.
 
 Lexington & Eastern Ry. Co.,
 
 180 Ky., 668, 203 S. W., 569;
 
 East Tennessee, Virginia & Georgia Rd. Co.
 
 v.
 
 Kane,
 
 92 Ga., 187, 18 S. E., 18, 22 L. R. A., 315;
 
 Cote
 
 v.
 
 Sears, Roebuck & Co.,
 
 86 N. H., 238, 166 A., 279;
 
 Vagaszki
 
 v.
 
 Consolidation Coal Co., Inc.,
 
 225 F., 913;
 
 Texas & Pacific Ry. Co.
 
 v.
 
 Watson,
 
 190 U. S., 287, 47 L. Ed., 1057, 23 S. Ct., 681;
 
 Green
 
 v.
 
 Green,
 
 5 Ohio, 279.
 

 It is urged by defendant that the court also committed reversible error in failing to take the case from the jury. However, a careful consideration of the record, the testimony of the eye-witness who saw the automobile roll over and strike the telephone pole, who immediately went out and saw the position of the bodies and the condition of the car and the markings on the road, and the conflicting testimony as to the condition of the brake, convinces us that a question of fact was presented upon which reasonable minds might reasonably draw different conclusions.
 

 Under the circumstances, we think that this is peculiarly a case which should be subjected to the scrutiny óf a jury, and that the Court of Appeals was correct in remanding the case for new trial.
 

 Judgment affirmed.
 

 Weyganut, C. J., Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.