PHOENIX STATE BANK AND TRUST COMPANY *vs.* K. M. WHITCOMB, RECEIVER, ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 3d, 1935—decided January 8th, 1936.

*Lyman H. Steele,* for the appellant (defendant Muhlfeld).

*Willis G. Parsons,* with whom, on the brief, was *Charles Welles Gross,* for the appellee (plaintiff).

AVERY, J.   From the finding in this case, the essential facts appear as follows:  On May 21st, 1935, the plaintiff instituted an action returnable on the first Tuesday of June, 1935, seeking foreclosure of a first mortgage on premises in the town of Madison, owned by the defendant the Madison Beach Yacht Club, Incorporated.  The defendant John E. Muhlfeld, a resident of the State of New York, is president of the Madison Beach Yacht Club, Incorporated, and with Wilbur C. Walker is joint owner of a second mortgage on the property.  On May 22d, 1935, the sheriff, to whom the writ and complaint had been delivered for service, deposited in the post office in Hartford, postage prepaid and registered, true and attested copies of the original writ, summons and complaint and order of notice, addressed to John E. Muhlfeld and John E. Muhlfeld, president of the Madison Beach Yacht Club, Incorporated, 25 Broad Street, New York, N. Y.  On May 24th, the sheriff received two registered mail return

receipt cards with the name "John E. Muhlfeld, president, Madison Beach Yacht Club" written on each, and the sheriff caused them to be attached to his return.  On June 14th, all parties to the action except Muhlfeld appeared and the court ordered the case continued for a period of three months because Muhlfeld was a nonresident.  The court also ordered that further service be made upon him by registered mail or by having some proper officer or other person authorized to make service of civil process in the city of New York leave a true and attested copy of the order and complaint with him.  On that day, the sheriff made service by registered mail addressed to John E. Muhlfeld, 25 Broad Street, New York, N. Y., and on June 17th, a person authorized to make service in New York made personal service upon him.  On June 21st, the three months continuance ordered on June 14th was terminated by the court after a finding that the defendant Muhlfeld had had at least twelve days notice of the pendency of the action prior to June 21st.

The finding states that at the hearing before the court on June 21st, Muhlfeld was represented by an attorney who stated that he had been retained to represent his interest in the matter; that he did not claim that his client had not received the second notice of the action by registered mail; and that Muhlfeld had informed him, in his letter of instructions, that he had told the process server who served him personally on June 17th that he had not received the previous notice of the action by registered mail.  The plaintiff introduced a witness who testified to having had business dealings with Muhlfeld, and that he was familiar with his signature; and after comparing the signature on the mortgage note with that upon the return receipt cards in the file, he testified that the signature on the latter was that of Muhlfeld.  These cards having been

received by the sheriff on May 24th, more than twelve days before the date of the hearing, the court thereupon terminated the continuance, as provided by § 5503 of the General Statutes for the termination of a continuance upon a finding of actual notice; and the plaintiff having asked for a disclosure of defense from the defendants, and all the appearing defendants including Wilbur C. Walker having disclosed no defense, and no defense having been disclosed on behalf of Muhlfeld by his counsel then present in court, judgment of foreclosure was entered and law days fixed.

The only question presented upon this appeal is as to whether the trial court was justified in finding that Muhlfeld had received actual notice of the pendency of the action twelve days before the date of the hearing, and terminating the three months continuance provided by General Statutes, § 5501, in the case of nonresident defendants. The claim of the defendant appears to be that the testimony of the witness was not competent to prove the handwriting of Muhlfeld upon the registered return receipt cards because the witness was not shown to have been an expert in handwriting nor did he testify that he had ever seen Muhlfeld write. The witness was not cross-examined as to Muhlfeld's handwriting but his attorney stated that he felt that he was not qualified to prove the signature as he was not a handwriting expert. It is sufficient to say that from the earliest period, nonexpert witnesses who are familiar with the handwriting in question have been allowed to give their opinion. *People* v. *Molineux,* 168 N. Y. 264, 320, 61 N. E. 286; *Barber* v. *State,* 64 Tex. Crim. Rep. 96, 142 S. W. 577, 580; 11 R. C. L. 620; 1 Wigmore, Evidence (2d Ed.) § 570. Our rule was stated in *Lyon* v. *Lyman,* 9 Conn. 55, 59, as follows: "A witness may be called and asked if he has seen a particular person write. If he answers

affirmatively, he may be asked whether he believes the paper in dispute to be his handwriting. . . . A witness may testify to the handwriting of a person, though he may never have seen him write, from a correspondence with him, or from a familiar acquaintance with his writings." *Hamilton* v. *Smith,* 74 Conn. 374, 380, 50 Atl. 884. It follows that the witness in this case, having testified that he was familiar with the signature of Muhlfeld could express his opinion that the signature on the registered return cards was his, and the court upon the uncontradicted evidence could find that Muhlfeld had received notice of the pendency of the action on or before the date when the return cards were mailed.

There is no error.

In this opinion the other judges concurred.