**ROYAL ELECTRIC COMPANY, Inc., Plaintiff,**

v.

**RALCO REALTY CORPORATION, Defendant.**

**Civ. No. 5021.**

United States District Court, D. Connecticut.

Sept. 30, 1954.

Edward C. Park (of Withington, Cross, Park & McCann), Boston, Mass., for plaintiff.

Francis F. McGuire (of McGuire & McGuire), New London, Conn., for defendant.

SMITH, Chief Judge.

Defendant moves to dismiss on the ground of failure to join an indispensable party.

American Thread Company, the owner of land in Pawcatuck sold a portion of its land on the east side of Mechanic Street to Gencarelli and others, referred to hereinafter as Gencarelli, reserving an easement to maintain thereon, for the benefit of its remaining land on the west side of the street, a water tower, water and steam lines in connection therewith, water conduits to and from the river and other uses, subject to the duty to use reasonable care to maintain the tower, lines, etc. It reserved the right to abandon the easements and remove the tower.

The owner of the dominant tenement later conveyed the entire dominant tenement to Delite Fabrics, which conveyed the northerly portion thereof to the defendant including the right to use of the easements jointly with Delite, and thereafter, the southerly portion to the plaintiff.

The plaintiff desires to remove the tower and pipe lines or to abandon its right to the use of the tower and the pipe lines in connection therewith, and to be freed from its share of the obligation to maintain them.

It has sued for a declaratory judgment of its right to do this, making a party defendant only the owner of the other portion of the original dominant tenement. Joinder of Gencarelli, the owner of the servient tenement, would oust the court of jurisdiction, since both plaintiff and Gencarelli are citizens of Rhode Island and jurisdiction is based solely on diversity of citizenship.

Plaintiff concedes that Gencarelli has an interest in the subject matter of the litigation and would therefore be a proper or even necessary party if joinder would not oust the court of jurisdiction, but contends that he is not an indispensable party, since no controversy exists between plaintiff and Gencarelli, but only between plaintiff and defendant concerning plaintiff's right to abandon.

We have, however, only the surmise of plaintiff's counsel as to the desirability to Gencarelli of plaintiff's proposed abandonment. This is not even borne out by the probabilities, on the bare allegations of the complaint. It may well be that abandonment and removal of the tower and lines would be to the advantage of the servient owner.

There is sought here however in the alternative abandonment of their use by one of two joint users, which might be desirable to the servient owner, coupled however with extinguishment of the duty to use reasonable care in the maintenance of tower and lines, by one of the two now apparently jointly responsible, which would lessen the protection of the servient owner.

In the interpretation of the terms of that easement the servient owner has so direct and vital an interest that he should be heard and no judgment entered in the controversy solely between the two dominant owners in his absence.

Action may be maintained in the state courts, where he may be made a party. 1949 Supp. to Gen.Stats. Sec. 644a; Mendrochowicz v. Wolfe, 139 Conn. 506, 95 A.2d 260; Gaul v. Baker, 108 Conn. 173, 143 A. 51.

He appears to fall within the usual classification of an indispensable party. 3 Moore Fed.Practice, 19.07; Shields v. Barrow, 17 How. 129, 130, 15 L.Ed. 158.

Even if not strictly indispensable, his interest is so closely concerned that the court should not proceed without him. 3 Moore 19.17, p. 2198; Delno v. Market St. Ry. Co., 9 Cir., 124 F.2d 965, 968.

The motion to dismiss is granted.

The action is ordered dismissed.

The Clerk is directed to enter judgment for the defendant dismissing the action.