[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR DEFAULT FOR FAILURE TO APPEAR
The City of Milford brought an action against the heirs-at-law of Ciro P. Bencivenga to foreclose tax liens on eight CT Page 4168 parcels of land situated in the City of Milford and belonging to the estate of Ciro P. Bencivenga. According to the "Return of Service" [sic] of Robert H. Miller, Constable for the City of Milford, dated May 4, 1990, service was made upon the defendant Angelina Bencivenga "1337 Rosedale Avenue, Bronx, New York, by first serving the Secretary of State, for the State of Connecticut, and thereafter mailing a true and attested copy to the last known address." The return date of the action was June 5, 1990. The plaintiff, pursuant to section 352 of the Connecticut Practice Book, moved for default for failure to appear against Angelina Bencivenga on August 22, 1990. The motion was heard at short calendar on September 11, 1990. An "Amended Return of Simple Service" by Constable Miller, dated September 8, 1990, states that "[s]ervice was made by certified mail, return receipt," upon the defendant Angelina Bencivenga and was filed on September 11, 1990. The certified return receipt states that the date of delivery was September 6, 1990.
"[A Connecticut] court may exercise personal jurisdiction over any nonresident individual. . . who in person or through an agent: . . . . (4) owns, uses or possesses any real property situated within the state." Conn. Gen. Stat. section 52-59b(a)(4) (rev'd to 1989). "Any nonresident individual . . . over whom a court may exercise personal jurisdiction, as provided in subsection (a), shall be deemed to have appointed the secretary of state as its attorney and to have agreed that any process in any civil action brought against the nonresident individual . . . may be served upon the secretary of the state and shall have the same validity as if served upon the nonresident individual . . . personally." Id.
Service of process upon any nonresident individual shall be made . . .
 by leaving with or at the office of the secretary [of the State of Connecticut], at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at his last-known address, by registered or certified mail, postage prepaid, a like true and attested copy with an endorsement thereon of service upon the secretary.
Conn. Gen. Stat. section 52-59b(c) (rev'd to 1989).
 If no appearance has been entered for any party to any action on or before the second day following the return day, any other party to the action may make a motion that a nonsuit or default be entered CT Page 4169 for failure to appear, and, subject to the provisions of Secs. 80, 353 and 366, such motion may be granted.
Conn. Practice Bk. section 352(a) (rev'd to 1978, as updated to October 1, 1989). Subsection (c) states that "the court shall grant the motion . . . provided the defendant has not appeared and the court is satisfied that proper service has been made and that the requirements of subsection (a) above have been met."
"It shall be the responsibility of counsel filing a motion for default for failure to appear to serve the defaulting party with a copy of the motion . . . in accordance with Secs. 121, 122 and 123." Conn. Practice Bk. section 352(b); see also Conn. Practice Bk. section 121(b). "If a default for failure to appear is sought, a copy of the motion must be mailed or otherwise delivered to [the nonappearing party] and the plaintiff's attorney must so certify. Practice Book sections 121 through 123." Milgrim v. Deluca,195 Conn. 191, 197 (1985).
Connecticut Practice Book section 80 states: "If the defendant is not an inhabitant or resident of this state at the commencement of [an] action and does not appear therein, the court shall continue or postpone it for a period of three months and may, if it deems further notice advisable, direct such further notice. . . ." See also, Conn. Gen. Stat. section52-87 (b). Judgment may be rendered against the defendant by default, if no special reason is shown for further delay, "[u]pon the expiration of the three-month continuance, [and] it shall be presumed prima facie that no special reason for the delay exists." Id.
 Any continuance, postponement or adjournment, prescribed in [section 80] . . . shall not be granted or, if granted, shall terminate whenever the court finds that the absent or nonresident defendant, or his authorized agent or attorney, has received actual notice of the pendency of the case at least twelve days prior to such finding, and thereupon, unless some special reason is shown for further delay, the cause may be brought to trial.
Conn. Practice Bk. section 81; see also Conn. Gen. Stat. section 52-88; Robertson v. Fazzalaro, 33 Conn. Sup. 560, 571 nn. 1-2 (App. Sess. 1976).
"`The General Assembly is always presumed to know all the existing statutes, and the effect that its action or CT Page 4170 non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces.'" Hartley v. Vitiello, 113 Conn. 74, 82
(1931). "The provision in the law that service upon the [secretary of state] `shall have the same validity as if served upon the nonresident personally' [cannot be construed] as making the statute as to continuances inapplicable." Cf. Hartley, 113 Conn. at 82-83 (construing the predecessor to Conn. Gen. Stat. section 52-62 which provides for substituted service upon the commissioner of motor vehicles in an action against a nonresident for negligent operation of a motor vehicle); see also Dutra v. Ricker, 2 CSCR 252-53 (January 28, 1987, Koletsky, J.).
However, if actual notice upon the nonresident defendant is found, the court must deny a motion for continuance under General Statutes section 52-87, or terminate a continuance that has been granted. Conn. Gen. Stat. section 52-88. Actual notice to the defendant must be proven by the plaintiff. See, e.g., Phoenix State Bank Trust Co. v. Whitcomb, 121 Conn. 32 (1936); Gaul v. Baker, 108 Conn. 173
(1928). A properly authenticated registered mail return receipt card may be used to establish that the defendant received actual notice. Phoenix State Bank, supra at 34-35. If the plaintiff can prove that the signature on the registered return receipt is that of the nonresident defendant and that actual notice was received at least twelve days prior to the finding of actual notice, then the court must deny a motion for continuance, or terminate a continuance that has been granted. Id.
According to the attorney's certification on the plaintiff's motion for default for failure to appear, the motion was mailed to a Milford post office box. However, the constable's return states that Angelina Bencivenga's last known address is "1337 Rosedale Avenue, Bronx, New York". Furthermore, the file does not reflect any request for a statutory continuance by the plaintiff. See, e.g., Dutra, supra, at 253. The plaintiff has failed to prove that the nonresident defendant has received actual notice of the pendency of the case at least twelve days prior to the plaintiff's motion for default was heard at short calendar.
The Court denies the plaintiff's motion for default for failure of the nonresident defendant Angelina Bencivenga to appear because a copy of the motion was not mailed to the nonresident defendant, because the three month continuance required under Practice Book section 80 has not been requested nor expired, and because the plaintiff has failed to prove that the nonresident defendant has received actual CT Page 4171 notice.
THE COURT CURRAN, J.