[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: MOTION FOR TERMINATION OF STATUTORY CONTINUANCE (#107)
On March 26, 1999, plaintiff filed a motion for statutory continuance pursuant to General Statutes § 52-87,[1] which was granted by the court. Plaintiff has moved for termination of the statutory continuance, pursuant to General Statutes §§ 52-87 and52-88, on the basis that defendant "has received notice of [the] action pending against him as evidenced by the signature of his authorized agent on the return receipt" for the certified CT Page 6685 mailing.
General Statutes § 52-87 (d) provides that "[a] continuance or postponement under this section . . . shall terminate if actual notice is shown in accordance with section 52-88." (Emphasis added.) § 52-88 states that "[a] continuance . . . prescribed in Section 52-87 or this section . . . shall terminate whenever the court finds that the absent or nonresident defendant, or his authorized agent or attorney, has received actual notice of the pendency of the case at least twelve days prior to such finding, and thereupon, unless some special reason is shown for further delay, the cause may be brought to trial." (Emphasis added.) See also: Practice Book § 9-2. In order to terminate a continuance granted under § 52-87, "[a]ctual notice to the defendant must be proven by the plaintiff." City ofMilford v. Bencivenga, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 032109 (November 7, 1990), citing Phoenix State Bank Trust Co. v. Whitcomb, 121 Conn. 32,183 A. 5 (1936) and Gaul v. Baker, 108 Conn. 173, 143 A. 51
(1928)
Plaintiff has attempted to serve defendant, a nonresident, by effecting constructive service, as opposed to personal or abode service, sending the process by certified mail, return receipt requested, to an address in North Carolina.[2] Plaintiff now moves to terminate the statutory continuance on the basis that defendant has received actual notice "as evidenced by the signature of his authorized agent on the return receipt." With respect to personal and abode service there is a presumption that the facts alleged in the officer's return are true and, accordingly, a return demonstrating personal or abode service raises the presumption of actual notice and jurisdiction; see R. Bollier, N. Cioffi, K. Emmett, J. Kavanewsky L. Murphy, Stephenson's Connecticut Civil Procedure (3d Ed. 1997) § 14, p. 26; however, actual notice and jurisdiction based on constructive service "can be established only on a showing of facts which do not appear in the return and hence the return alone cannot raise a presumption of jurisdiction" or actual notice. Id.; see City ofMilford v. Bencivenga, supra, Superior Court, Docket No. 032109 (noting that plaintiff must prove actual notice to defendant in order to terminate statutory continuance); Knipple v. VikingCommunications, Ltd., 236 Conn. 602, 607 fn. 9, 674 A.2d 426
(1996) (discussing distinction between burden of proving jurisdiction for personal or abode service and constructive service); Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53-54, CT Page 6686459 A.2d 503 (1983).
Here, plaintiff has failed to demonstrate that defendant received actual notice of the pending action. Although "[a] properly authenticated registered mail return receipt card may be used to establish that the defendant received actual notice," plaintiff must "prove that the signature on the registered return receipt is that of the nonresident defendant" or his authorized agent. City of Milford v. Bencivenga, supra, Superior Court, Docket No. 032109. The signature on the registered mail return receipt card attached to the supplemental return is not that of the defendant, and the papers filed by plaintiff provide no evidence that the person who actually signed for the registered mail was in fact defendant's "authorized agent." Therefore, it is not possible for this court to determine whether defendant, in fact, received actual notice of this action. Accordingly, plaintiff's motion to terminate the statutory continuance is hereby denied.
Mulcany, J.